## T. L. Wren v. John A. Scales et al.

### Decided April 3, 1909.

**1.—Tax Suit—Misdescription—Evidence.**

When, in a suit for delinquent taxes due upon land, the description was accurate as to the number of acres, the abstract and certificate numbers, and the original grantee, but gave the patentee as William J. Clark instead of William T. Crook, held, the question was one of identity, and that the misdescription could hardly have misled the owner of the land, and was therefore not sufficient to avoid the sale.

**2.—Same—Unknown Owner—Statute Construed.**

Under the provisions of the Act of 1897, (Gen. Laws, 1897, p. 132) concerning the collection of delinquent taxes, one whose complete chain of title to land is duly recorded at and before suit is filed for the taxes due thereon, and whose residence is truly disclosed by such record, cannot be held to be an "unknown owner" within the meaning of said Act, and a judgment of foreclosure rendered in such case upon citation or notice to unknown owners would not be binding on the owner and might be attacked in a collateral proceeding.

Appeal from the District Court of Hartley County.     Tried below before Hon. J. N. Browning.

*James & Yeiser,* for appellant.—The description in the petition in the tax suit of land patented to Wm. T. Crook, as land patented to Wm. J. Clark, is fatally defective, although the description gives the correct abstract number, certificate number, original grantee and number of acres.     Pfeuffer v. Bondies, 15 Texas Ct. Rep., 6; Stout v. Mastin, 139 U. S., 151.

The petition to foreclose the tax lien on the land in controversy against unknown owners was void as to appellant because his chain of title from the sovereignty of the soil was on record in the county where the land lay, and such record was notice to the State of the ownership of the land, and a suit against unknown owners was unauthorized and did not bind the appellant.     Bingham v. Matthews, 12 Texas Ct. Rep., 772; Bradley v. Janssen, 15 Texas Ct. Rep., 917; Schaffer v. Davidson, 17 Texas Ct. Rep., 186; Hollywood v. Wellhausen, 28 Texas Civ. App., 541; 79 Texas, 611; 16 Texas Ct. Rep., 147; 80 Texas, 677; 15 Texas Ct. Rep., 672; 57 Texas, 207.

*Webb & Joiner* and *Turner & Boyce,* for appellees.—It being shown that the land was correctly described by abstract number, certificate number and original grantee, and that such description could only apply to this one tract of land, and that there was no land in Hartley County patented to Wm. J. Clark, the description is sufficient to identify the land, and the lower court having so held, this court will not disturb such finding.     Arambula v. Sullivan, 16 S. W., 438; Cartwright v. Trueblood, 39 S. W., 930; Revised Statutes, arts. 5118 and 5119; Moore v. Rogers, 99 S. W., 1023; Kenson v. Gage, 79 S. W., 606.

The judgment having recited that citation had been duly had by publication, such recitation can not be shown to be false on collateral attack. Lawler v. White, 27 Texas, 250; Earnest v. Glaser, 74 S. W.,

605; Kenson v. Gage, 79 S. W., 606; Babcock v. Wolffarth, 80 S. W., 642.

An erroneous provision of the judgment and order of sale that the sheriff should put the purchaser in possession of the land could not have the effect of rendering the entire judgment absolutely void; the remedy for correction of such error being by appeal, or by some attack thereon in an issue in a controversy over possession of the land during the two years allowed for redemption. Bean v. City of Brownwood, 43 S. W., 1036; Kenson v. Gage, 79 S. W., 606.

Where land is unoccupied the owner thereof, being a nonresident of the county, fails to render the same for taxation or pay taxes thereon for twelve years, and the record of his title in the county is such that without evidence aliunde it could not be said that he was the legal owner thereof, and the taxes had been assessed against such land for twelve years against unknown owners, and where, under such circumstances, the county attorney makes affidavit in a suit to recover such taxes and foreclose the State's lien therefor that the owner is unknown, and judgment regularly obtained, in a collateral attack on such judgment it would not be permissible to show that the affidavit was negligently made. Revised Statutes, art. 5232h.

For a discussion of what is collateral attack on judgment: Crawford v. McDonald, 33 S. W., 327.

The record in a judgment rendered by the District Court foreclosing a lien for taxes can not be contradicted in a collateral attack. Kenson v. Gage, 79 S. W., 606; Babcock v. Wolffrath, 80 S. W., 642; Stoneman v. Bilby, 96 S. W., 51; Earnest v. Glaser, 74 S. W., 605; Dunn v. Taylor, 94 S. W., 347; Williams v. Young, 90 S. W., 942; Young v. Jackson, 110 S. W., 74; M'Carter v. Neil, 6 S. W., 732; Eitel v. Foote, 39 Cal., 439; Gribble v. Livermore, 67 N. W., 213; McGregor v. Morrow, 21 Pac., 157; Black on Judgments, secs. 246, 247, 279, 795, 287; Bean v. City of Brownwood, 43 S. W., 1036.

For definition of "unknown owners" see 27 Am. Enc. of Law, 822 (see note at bottom of page); 8 Words and Phrases, col. 7186.

## ON REHEARING.

CONNER, CHIEF JUSTICE.—On a former day we affirmed the judgment in this case in an opinion marked "Not for publication," it then being deemed, for the most part, sufficiently disposed of by the opinion handed down by us in the companion case of Sallie A. Gibbs v. John A. Scales et al., (54 Texas Civ. App. 96.) On motion for rehearing, however, we have concluded that we were in error in affirming the judgment, and therefore will now make a more formal statement.

Appellant instituted this suit in the form of trespass to try title to recover one hundred and seventy-five acres of land situated in Hartley County, patented to William T. Crook, assignee of Thomas Toby, by virtue of certificate 16/175. Appellees claim under a judgment and foreclosure sale for the State and county taxes due on the land in controversy for the years 1884 to 1896, inclusive, amounting, with interest and costs, to the sum of thirty-four dollars and forty-

six cents. The suit for the taxes mentioned was instituted by the county attorney of Hartley County on September 1, 1898, under an Act of the Twenty-fifth Legislature for the collection of delinquent taxes (see Gen. Laws 1897, p. 132), against "all persons (such persons being unknown) owning, having or claiming any interest in one hundred and seventy-five acres of land in Hartley County, Texas, it being abstract No. 225, Thomas Toby, original grantee, certificate No. 16/175; William J. Clark, patentee, patent No. 55, volume 21." The petition was verified by the affidavit of the county attorney as required by the law to the effect that the "owners" were unknown, and the citation or notice, in form substantially as required by section 15 of the Act, was issued, published, and directed to "all persons owning or having or claiming any interest in the following described land," etc. The judgment foreclosing the tax lien and order of sale by virtue thereof were against the "unknown owners," and at the sale which followed these proceedings the county attorney who prosecuted the suit purchased the land in controversy in his own name, subsequently conveying to appellee John A. Scales.

The tax proceedings are assailed upon several grounds that are discussed in the opinion of Mr. Justice Dunklin in the companion case of Gibbs v. Scales before mentioned, and which need not therefore be here noticed further. Herein however, the proceedings are attacked because of the following further facts not common to the Gibbs case. First, it is insisted that the judgment is void because of a misdescription of the survey in controversy as given in the petition, citation and judgment. The description was accurate as to the number of acres, the abstract and certificate numbers, and as to the original grantee, but gave the patentee as William J. Clark, instead of William T. Crook, to whom the land was in fact patented. It was shown upon the trial that there was and is no such survey in Hartley County as the William J. Clark survey, nor one patented to William J. Clark; that the abstract and certificate numbers and grantee as stated in the petition, citation and judgment could apply to no other survey in Hartley County than the one in controversy. It also appears that in an exhibit attached to plaintiff's petition the description was accurate in all particulars; so that we think the question is simply one of identity and that the misdescription relied upon could hardly have misled the owner of the survey or operate to avoid the sale.

Second, it is urged that the judgment is void because of the fact that appellant's title was of record in Hartley County at and prior to any of the proceedings mentioned. On original hearing we treated this objection as one merely assailing the verity of the county attorney's affidavit and the recitation of the judgment to the effect that the owners of the land in controversy were unknown, and hence as an attack upon the judgment for fraud, which is not available in a collateral proceeding like the present. But in this upon further consideration we have concluded that we erred. The land was duly patented to William T. Crook, assignee of Thomas Toby, on April 30, 1875, and it is undisputed that appellant's claim is evidenced by a regular chain of conveyances to him from and under said patentee

which were duly recorded in Hartley County on and prior to May 15, 1890—some eight years before the institution of the suit for taxes. In the immediate conveyance to appellant his residence was truthfully recited as in Travis County and it was admitted that appellant continued to be a resident of Travis County from the record of that deed until the date of the trial, and that all of the records mentioned had been duly indexed prior to the institution of the suit and had continuously remained in possession of the county .clerk of Hartley County. We therefore now think that appellant was not an "unknown owner" within the meaning of the law authorizing suits for the collection of delinquent taxes.

In suing unknown owners different procedure in some respects is prescribed from that necessary where the suit is against a known owner, or against the unknown heirs of a named person. It is made the duty of the county collector, county clerk and county assessor to furnish the county attorney on his application "all affidavits, certified copies of the records of their respective offices, and such other evidence as may be in their possession by virtue of such office" (*vide* sec. 6). It is further expressly provided in section 15 that: "Wherever the owner or owners of any lands or lots returned delinquent or reported sold to the State, or that may hereafter be reported sold or returned delinquent for the taxes due thereon for any year or number of years, are nonresidents of the State, or the name of the owner or owners of said land or lots be unknown, *then* (the italics are ours) upon affidavit setting out that the owner or owners are nonresidents, or that the owner or owners are unknown to the attorney for the State and after inquiry can not be ascertained, said parties shall be cited and made parties defendant by notice" as prescribed in the Act. In such event only does this Act authorize suits against an unknown .owner. With the sources of information available to the county attorney, to which we have referred, how can it be said that the owner of land with a complete chain of title of record, is unknown? We think it should be held that an "unknown owner" within the meaning of the Act under consideration is one not known to the county attorney and who can not be ascertained by the inquiry prescribed by the statute.

It is undoubtedly true, as we recognized in the Gibbs case, that in a collateral attack upon a judgment its validity is not subject to question by reason of facts *dehors* the record. See Crawford v. McDonald, 88 Texas, 626; Kenson v. Gage, 79 S. W., 605; Scudder v. Cox, 35 Texas Civ. App., 416. The rule, however, excluding extrinsic evidence to impeach a judgment has no application, we apprehend, where the effort is to show that one was not a party. Such evidence is not in contradiction of the record. It goes merely to the question of the identity of the parties. As illustrating the thought in mind, see Freeman on Judgments, sec. 175 (4th ed.); Bollinger v. Chouteau, 20 Mo., 89; Crosley v. Hutton, 98 Mo., 196; Palmer v. Hayes, 112 Ind., 290. The facts, therefore, relating to the record of appellant's title that we have recited are to be construed, we think, as in legal effect placing appellant outside the class of persons upon

whom the judgment could operate rather than as constituting an attack upon the judgment itself. In other words, if appellant was not an "unknown owner" within the meaning of the law, then he was not bound by the judgment because not a party thereto. It is in such sense only, it seems to us, that the cases of Bingham v. Matthews, 39 Texas Civ. App., 41, and Sellars v. Simpson, 115 S. W., 888, can be justified. It was held in these cases that an owner of land in actual possession was not bound by a judgment of foreclosure and sale for taxes against an unknown owner. In the last case cited a writ of error was refused, thus indicating an approval of the holdings by our Supreme Court. In principle we do not see any sufficient reason why these cases are not applicable here. The fact of possession seems as certainly matter *dehors* the record as the fact of a duly recorded title. Both constitute notice of ownership, and it can hardly be said that possession, as evidence of notice or knowledge, is of greater dignity than the record, in view of our registration statutes. Revised Statutes, article 4652, declares that: "The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proved up or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed, or instrument." If, then, the State, which is bound as any other litigant in this respect, had notice—knowledge—of the existence of the deeds to appellant, it had notice and knowledge of his ownership at and before the institution of the suit. Appellant therefore, as a known owner, was not made a party to the suit and is not bound by the judgment.

It follows that the motion for rehearing should be granted and that the judgment should be reversed and judgment here rendered for appellant, in whom the superior title was shown.

*Affirmed.*