JOHN A. SCALES ET AL. V. T. L. WREN.

No. 2039. Decided April 6, 1910.

**Sale for Taxes—Judgment—Parties—Unknown Owner.**

Where an owner of land has his title on record, ascertainable by the county attorney on inquiry, and he is within the jurisdiction of the court, he is not a party to nor bound by a judgment and sale of the land for taxes thereunder in a proceeding against the "unknown owner" of the land.

Error to the Court of Civil Appeals for the Second District, in an appeal from Hartley County.

Wren sued Scales and others in trespass to try title. Defendants had judgment which was reversed and rendered for plaintiff on his appeal. Appellees then obtained writ of error.

*Webb & Joiner* and *Turner & Boyce,* for plaintiffs in error.—The judgment having recited that citation had been duly had by publication, such recitation can not be shown to be false on collateral attack. Lawler v. White, 27 Texas, 250; Earnest v. Glaser, 32 Texas Civ. App., 378; Kenson v. Gage, 34 Texas Civ. App., 547; Babcock v. Wolffarth, 35 Texas Civ. App., 512.

In a collateral attack on a judgment foreclosing taxes, the record can not be contradicted by showing that the affidavit of the county attorney which is in all respects regular, that the owners of the land were unknown, was fraudulently or negligently made. Rev. Stats., art. 5232h.

For a discussion of what is collateral attack on a judgment. Crawford v. McDonald, 88 Texas, 626.

The record in a judgment rendered by the District Court foreclosing a lien for taxes can not be contradicted in a collateral attack. Kenson v. Gage, 34 Texas Civ. App., 547; Babcock v. Wolffrath, 35 Texas Civ. App., 512; Stoneman v. Bilby, 43 Texas Civ. App., 293; Earnest v. Glaser, 32 Texas Civ. App., 278; Dunn v. Taylor, 42 Texas Civ. App., 241; Williams v. Young, 41 Texas Civ. App., 212; Young v. Jackson, 110 S. W., 74; M'Carter v. Neil, 6 S. W., 732; Eitel v. Foote, 39 Cal., 439; Gribble v. Livermore, 67 N. W., 213; McGregor v. Morrow, 21 Pac., 157; Black on Judgments, secs. 246, 247, 279, 795, 287; Bean v. City of Brownwood, 43 S. W., 1036.

For definition of "unknown owners" see Am. Enc. of Law, vol. 27, 822 (see note at bottom of page); 8 Words and Phrases, col. 7186.

*James & Yeiser,* for defendant in error.—The petition to foreclose the tax lien on the land in controversy against unknown owners was void as to appellant because his chain of title from the sovereignty of the soil was on record in the county where the land lay, and such record was notice to the State of the ownership of the land, and a suit against unknown owners was unauthorized and does not bind the appellant. Bingham v. Matthews, 12 Texas Ct. Rep., 772; Bradley v. Janssen, 15 Texas Ct. Rep., 917; Shaffer v. Davidson, 17

Texas Ct. Rep., 186; Hollywood v. Wellhausen, 28 Texas Civ. App., 541.

A void judgment can be attacked collaterally. Green v. Robertson, 5 Texas Ct. Rep., 803; Bingham v. Matthews, 12 Texas Ct. Rep., 773; Hollywood v. Wellhausen, 4 Texas Ct. Rep., 965; Bradley v. Janssen, 15 Texas Ct. Rep., 917; Stoneman v. Bilby, 16 Texas Ct. Rep., 448; Caplen v. Compton, 5 Texas Civ. App., 411.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

T. L. Wren brought this suit in the District Court of Hartley County against John A. Scales, et al., to try the title to a tract of 175 acres of land.

The land was granted by patent of the State to William T. Crook as assignee of Thomas Toby on the 30th day of April, 1875, and the defendant in error Wren has the title of the patentee by a regular chain of transfer down to himself,—all of which were duly recorded in the office of the County Clerk of Hartley County. The deed to Wren stated that he was resident of Travis County, Texas. The plaintiff in error defended under a title derived from a sale of the property under a judgment for taxes against the "unknown owner." The sixth section of the Act entitled: "An Act to amend an Act entitled 'An Act to provide for the collection of taxes,' " etc., contains this provision: "The County Collector, County Clerk and County Assessor shall furnish all affidavits, certified copies of the records of their respective offices, and such other evidence as may be in their possession by virtue of such office, as may be applied for by the County Attorney." (Laws 1897, p. 134.) Now it is plain that if the county attorney had called upon these officers, as it was his duty to do, the county clerk would have furnished him information which would have apprised him that the owner of the land was not unknown. This he did not do; but without inquiry from the sources provided by the statute, he makes the following affidavit: "I do solemnly swear that the owner or owners of the above described tract of land are unknown to me and after inquiry can not be ascertained." It is not easy to overcome a judgment upon collateral attack, for the reason that every question that could have been determined in the case is presumed to have been correctly determined in the former judgment and has become *res adjudicata.* But the question in the instant case is, have you got the proper parties? The statute authorizes a suit against the "unknown owner" of the land and not against an owner who is known and whose name and residence could have been discovered upon proper inquiry. Hence a judgment against the unknown owner does not conclude the title of one who is known. or can be known. No one can doubt that the judgment is conclusive as between the State and the unknown owner; but here we have a case in which the owner was known or could have been known by the slightest diligence. The known owner is entitled to his day in court and to be heard on defense of his rights. He is entitled to service of citation if he be within the jurisdiction of the court. Not having been served with process and being within the jurisdiction

of the court, and not being an unknown owner he was not a party to the proceedings and we fail to see how he can be concluded by the judgment.

Therefore the judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*