GORDON v. REEDER et al. (No. 848.)

(Court of Civil Appeals of Texas. El Paso. April 11, 1918.)

1. PROCESS ⬤=87—SERVICE BY PUBLICATION —TRANSIENT PERSON.

Service by publication as on a transient person gives the court no jurisdiction over her person, unless she is in fact a transient, for if she is not such the process and service are unauthorized.

2. PROCESS ⬤=85 — CONSTRUCTIVE SERVICE — STATUTES—CONSTRUCTION.

Statutes authorizing constructive service of citation are strictly construed.

3. PROCESS ⬤=87—SERVICE BY PUBLICATION —STATUTES—"TRANSIENT PERSON."

A woman who had no fixed place of residence, but lived around over the state with her three or four children, though she could not call any of her children's homes her own, was not a "transient person" within Rev. St. 1911, art. 1874, authorizing service by publication on such a person.

[Ed. Note.—For other definitions, see Words and phrases, First and Second Series, Transient.]

4. PROCESS ⬤=84—PERSONAL SERVICE—DIFFICULTY—NECESSITY.

That personal service of citation on a defendant is difficult to obtain does not dispense with its necessity.

Error from District Court, Brown County; Jno. W. Goodwin, Judge.

Suit by F. L. Reeder and others against Mrs. S. A. Gordon. To review judgment for plaintiffs, defendant brings error. Reversed and remanded.

W. D. Gordon, of Beaumont, and Goldstein & Miller, of El Paso, for plaintiff in error. Wilkinson & McGaugh, Mark McGee, and I. J. Rice, all of Brownwood, for defendants in error.

HIGGINS, J. F. L. Reeder brought this suit against Mrs. S. A. Gordon to recover upon the latter's promissory note. Mrs. Gordon was alleged to be a resident of Jefferson county, Tex. Citation was issued to Jefferson county, and returned unexecuted. Thereafter an alias citation was issued to Harris county and returned unexecuted. Thereafter a pluries citation was issued to Jefferson county, and returned unexecuted. Thereafter Reeder's attorney filed an affidavit that Mrs. Gordon was a transient person. Citation, for service by publication, was then issued. Publication and return thereof was made. An attorney was appointed to represent Mrs. Gordon. This attorney filed an answer for her in which it was denied that Mrs. Gordon was a transient person. Judgment upon the note was rendered. A statement of the evidence was filed as a part of the record, as required by article 1941, R. S. Some months after the rendition of the judgment Mrs. Gordon sued out this writ of error.

[1] The only question of any importance presented relates to the sufficiency of the constructive service so as to authorize the rendition of the judgment. In order to give the court jurisdiction over the person of Mrs. Gordon by this service she must in fact have been a transient person. If she was not such, then the process and service was unauthorized. Kitchen v. Crawford, 13 Tex. 516. The testimony of the attorney who made the affidavit, as shown by the statement of the evidence, is to the effect that he made the same as a result of his investigation as to Mrs. Gordon's place of residence. He stated that from the best information he could get she had no fixed place of residence, but was living around over Texas with her children; that two of these children lived in Beaumont, Tex., both married and having homes there; another daughter was married and kept house in Houston, Tex.; the other child, a son, was married and kept house in Kingsville, Tex.

[2] These were the facts as disclosed by the testimony of the affiant. The question arises whether they show that Mrs. Reeder was a transient person within the meaning of article 1874, R. S. Statutes authorizing constructive service of citation are not liberally interpreted, but, on the contrary, are strictly construed. Davenport v. Rutledge, 187 S. W. 988; Byrnes v. Sampson, 74 Tex. 79, 11 S. W. 1073; 32 Cyc. 467.

[3, 4] The facts detailed show that Mrs. Gordon might be found at one of three places in this state, and that this fact was known at the time the affidavit was made. She perhaps could not call either one of those places her home, and it is true she went from one child's home to another, but we do not think on that account she could properly be considered a transient person. It

may be that it presented difficulty for defendant in error to locate her whereabouts at a given time and secure personal service upon her, but this does not make her a transient, so as to authorize other than personal service. It very frequently happens that personal service is difficult to obtain, but that does not dispense with its necessity.

For the reason that the evidence adduced upon the trial affirmatively discloses that she was not a transient person, it follows that the judgment was rendered without proper service of citation, which requires reversal.

Reversed and remanded.