## BOMAR et al. v. RUNGE. (No. 6247.)

(Court of Civil Appeals of Texas. Austin. Oct. 27, 1920. Rehearing Denied Nov. 24, 1920.)

**1. Evidence ⬤⇒158(15)—Record of certificate of secretary of state not best evidence.**

In trespass to try title, record of a certificate of the secretary of state, to the effect that charter was granted to a land and trust company on a specified date, and that no charter had ever been granted to a land and trust company of a name slightly different, was not an instrument required or permitted by law to be recorded by the county clerk, the original was not an archive of his office, and its record amounted to no more than a certified copy made by the clerk of the certificate of the secretary of state, hence it was not the best evidence of the fact sought to be proven.

**2. Appeal and error ⬤⇒1050(1)—Admission of record of certificate of secretary of state from county deed records harmless.**

In trespass to try title, improper admission of record of certificate of secretary of state, taken from deed records of county, though not the best evidence of the fact sought to be proven, and therefore inadmissible, over plaintiffs' objection, *held* harmless to plaintiffs.

**3. Judgment ⬤⇒747(4) — Judgment against plaintiffs in trespass to try title bars future suit against defendant.**

Under Rev. St. art. 7758, the judgment against plaintiffs in trespass to try title is a bar to any suit in the future by them against defendant for the same land, and, as between the parties, has all the force and effect of a judgment specifically vesting title in defendant.

**4. Taxation ⬤⇒648—Regular judgment in tax suit binding on defendant if he was unknown owner cited.**

Judgment in tax suit against the unknown owner, the only party cited, being regular and valid as against defendant therein, was binding on defendant in the present suit of trespass to try title, if he was the defendant in such suit, otherwise not.

**5. Taxation ⬤⇒648—Defendant in trespass to try title not "unknown owner" within tax statute, and not bound by judgment.**

Defendant in trespass to try title *held* not the unknown owner of the land involved, previously sold for taxes to a plaintiff, within Rev. St. art. 7698, authorizing suit to recover taxes due on land to be brought against the unknown owner, such owner having been the only party cited in the suit for taxes, it having been open to the county attorney before bringing the tax suit to learn from the records of the tax as-

sessor that defendant paid taxes on the land in three previous years, and that no one had paid since.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Unknown Owner.]

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Suit by J. L. Bomar and another against Henry J. Runge, wherein defendant filed a cross-action. From a judgment for defendant on his cross-action, plaintiffs appeal. Affirmed.

Critz & Woodward, of Coleman, for appellants.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

### Findings of Fact.

JENKINS, J. Appellants brought this suit against appellee in the form of trespass to try title to the land in controversy. In 1903, the state recovered judgment against the unknown owners for the taxes due on said land for the year 1900, and to enforce the lien thereon for such taxes. The petition was in proper form, including the affidavit of the county attorney that the owner of said land was unknown to him, etc. The unknown owner was cited by publication. No answer was filed. Under an order of sale the land was sold to J. L. Bomar, who afterwards sold a half interest in same to his coappellant, Goodfellow. The appellee had no actual notice of such suit or sale until after the lapse of two years from the date thereof. Appellee was in the actual possession of the land in controversy through his tenant, when the suit herein was filed.

Appellee showed a regular chain of title from the state, duly recorded in Coleman county, prior to June 27, 1876, to Wm. J. Hutchins, of Harris county, Tex. He next introduced a deed of that date, which, in so far as the same is relevant to the issues herein, reads as follows:

"Know all men by these presents that I, Wm. J. Hutchison, county of Harris and state of Texas, in consideration of the sum of seven thousand six hundred and eighty dollars to me paid by Hutchison Land & Trust Company in the paid-up stock of said company, * * * do grant bargain sell and release unto the said Hutchison Land & Trust Company the following described lands (including, among others, the land in controversy) * * * to have and to hold all and singular the premises above mentioned unto the said Hutchison Land & Trust Company. * * *"

The deed is concluded with a general warranty clause to the Hutchison Land & Trust Company, and is signed and acknowledged by "W. J. Hutchins." This deed was duly recorded in Coleman county, November 3, 1876. Appellee next introduced a warranty deed

from the Hutchins Land & Trust Company to the National Park Bank of New York, conveying, among others, the land in controversy, signed and acknowledged by W. J. Hutchins, president, and attested by A. S. Richardson, secretary. This deed was duly recorded in Coleman county, February 22, 1881.

Appellee introduced a regular chain of title to the land in controversy, from and under the National Park Bank duly recorded in Coleman county, prior to February 2, 1889, to himself; the deed to him being of that date, and duly recorded in Coleman county, February 21, 1889. This deed recited that appellee resided in Galveston county, Tex.

All the deeds to either party above referred to were duly acknowledged, and the record thereof properly indexed.

The record of the tax assessor of Coleman county showed that the land in controversy was rendered for taxes by appellee for the years 1894, 1895, and 1896, and was unrendered for the years 1897, 1898, 1899, 1900, 1901, 1902, and 1903.

Appellee, in addition to his plea of not guilty and general denial, filed a cross-action in trespass to try title to the land in controversy.

The case was tried by the court without a jury, and judgment was rendered that appellants take nothing by their suit, and that appellee recover the land on his cross-action.

## Opinion.

[1, 2] For the purpose of showing perfect title in himself, and thereby sustaining his cross-action, appellee introduced in evidence, over the objection of appellants, the deed records of Coleman county, showing the record of a certificate of the secretary of state, to the effect that a charter was granted to the Hutchins Land & Trust Company April 18, 1876, and that no charter had ever been granted to the "Hutchison Land & Trust Company." This was not an instrument required or permitted by law to be recorded by the county clerk, and the original was not an archive of his office, and the record of same amounted to no more than a certified copy made by the clerk of the certificate of the secretary of state. It was not the best evidence of the fact sought to be proven, and appellants' objection thereto should have been sustained. However, we do not think that the improper admission of the certificate constitutes reversible error.

[3] The judgment against the plaintiffs in a suit of trespass to try title is a bar to any suit in the future by them against the defendant for the same land, and, as between the parties, has all the force and effect of a judgment specifically vesting title in the defendant. R. S. art. 7758; Hoodless v. Winter, 80 Tex. 641, 16 S. W. 427.

For the reason stated, we are not called up-

on to decide as to the correctness of the judgment in favor of appellee on his cross-action.

[4, 5] The judgment in the tax suit seems to be in all things regular and valid as against the defendant therein. If the appellee was the defendant in such suit, it is binding as to him. If he was not the defendant therein, it is void as to him, in that the record shows in such case that he was not cited and did not appear. The only party cited was "the unknown owner" of the land. Was the defendant the unknown owner, as that term is used in the statute, which authorizes suit to recover taxes due on land to be brought against the unknown owner? An "unknown owner," as defined by the statute (article 7698), is one who is in fact unknown to the attorney representing the state, and after inquiry cannot be ascertained by him. These allegations must be verified by the affidavit of such attorney. Article 7688 requires the county collector, county clerk, and county assessor to furnish the county attorney certified copies of the records of their respective offices in relation to such matter. Had the county attorney, before bringing suit, applied to the tax assessor for information, he would have learned from his records that Henry J. Runge paid taxes on the land in 1897, 1898, and 1899, and that no one had paid taxes thereon since that time. If he had applied to the county clerk, he would have learned that his record showed a deed to Runge to said land, duly recorded February 21, 1889, and that they did not show a deed from Runge to any one else; furthermore, that the deed to Runge recited that he lived in Galveston. This would have been sufficient to put him upon notice as to Runge's residence and ownership of the land, which facts he would have ascertained by pursuing such inquiry, and would have informed him as to whom he should sue to collect the delinquent taxes. It would not have been his duty to obtain an abstract of title to see if possibly there was not a break in Runge's chain of title back to the state. For the purpose of the tax suit, Runge was either the owner of the land or he was not. If he was the owner, he was not unknown within the meaning of the statute; if he was not the owner at all, he could not have been the "unknown owner."

In Scales v. Wren, 103 Tex. 304, 127 S. W. 164, our Supreme Court held that where it was shown by the record that the county attorney could have ascertained, by the exercise of reasonable diligence, who was the owner of land, a judgment against the unknown owner was void. The statute requires that the county attorney shall be unable to ascertain who is the owner "after inquiry." Article 7698. See, also, report of the decision of the Court of Civil Appeals in Wren v. Scales, 55 Tex. Civ. App. 62, 119 S. W. 879.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.