**CATLETT v. COMBS et al. (No. 1160.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1921. Rehearing Denied Feb. 17, 1921.)

**1. Taxation ⟨key⟩641—State's suit should be brought against nonresident by name.**

The state's suit for taxes on land should be brought against a nonresident, under Rev. St. art. 7698, by name.

**2. Taxation ⟨key⟩641—Owner whose land previously sold for taxes not unknown owner.**

An owner whose land had been previously sold for taxes was not an unknown owner for purposes of suit by the state for taxes; the purchaser of the land from the state comptroller being the owner if the sales were valid.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Unknown Owner.]

Error from District Court, Brewster County; Jos. Jones, Judge.

Suit by G. S. Combs and another against J. W. Catlett. To review judgment for plaintiffs, defendant brings error. Reversed and rendered.

Graham Dowdell and Lewright & Lewright, all of San Antonio, for plaintiff in error.

Kampmann, Burney & Browne, of San Antonio, for defendants in error.

HARPER, C. J. This suit was instituted by L. H. Brown and G. S. Combs against J. W. Catlett, to remove cloud, and for title and possession of lands described as sections 27, 29, and 31, T. C. Ry. Co. survey, in Brewster county, Tex. Defendant answered by general denial and not guilty. Tried before the court and judgment for plaintiffs, from which writ of error has been perfected.

*Findings of Fact.*

Appellees claim under tax deed. The state recovered judgments against the "unknown owners" for the taxes of 1910, in separate suits for each tract. The petitions were in proper form, citation by publication. Answer filed by an attorney appointed by the court only, and under an order of sale the lands were purchased by appellees.

The deed records showed the title to be in Edward N. Wason, at the time the suit was brought and judgment entered 1912. In 1917 Wason conveyed to appellant. It is agreed that Wason became the owner of the lands December, 1889, by deed and duly recorded. And the record affirmatively shows that he held same under a recorded chain of title.

*Opinion.*

The only question presented is, Did the appellees acquire title by virtue of the sheriff's deeds executed pursuant to the sale under the orders of sale pursuant to these judgments?

In Scales v. Wren, 103 Tex. 304, 127 S. W. 164, it was decided that an owner who holds land under a recorded chain of title cannot be called an "unknown owner," and hence he could not be considered a party to the suit, and was not bound by the judgment. The reasons for so holding are clearly set forth in the opinion, therefore not necessary to repeat here. See, also, Bomar v. Runge, 225 S. W. 287.

[1] Appellee contends that Wason was properly sued as "nonresident" under article 7698, Rev. Civ. Stat., which reads:

"Wherever the owner or owners of any lands * * * returned delinquent or reported sold to the state * * * are nonresidents of the state, or the name of the owner or owners of said land * * * be unknown, then, upon affidavit setting out that the owner or owners are nonresidents, or * * * are unknown to the attorney for the state, and after inquiry cannot be ascertained, said parties shall be cited," etc.

—because appellees say Wason was a nonresident. The answer is that the suit was

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not brought against the "nonresident," but against the "unknown owner." A suit against a nonresident should be brought against him by name.

Again appellees say:

"For another reason he was an unknown owner as that term is used in the statute. His land had been previously sold for taxes, all three surveys, once to the state in 1890. The comptroller of the state sold surveys 29 and 31 to W. E. Booth in 1891. "If the county attorney of Brewster county made the search required of him by law (and we must presume that he did make it), he discovered that Booth had a deed to two of the surveys; that all of them had previously been sold for taxes."

[2] We fail to see how these facts show Wason to be unknown owner. It could at best only show that Booth and not Wason was the owner if the sales were valid; but appellees have pleaded their title specially, and have not thereby attempted to connect themselves with the Booth title, if any he had, but, on the other hand, have asserted in their brief that Wason is the common source, so if they have any title by which to recover in this suit it is the Wason title, and this they have not acquired for the reasons given.

Reversed and rendered.

On Motion for Rehearing.

At the request of defendants in error we make the following additional findings of facts: Edwin N. Wason became the owner of the lands in suit December 12, 1889, by deed from J. B. Schoenfeldt. Filed for record December 17, 1889.

By deed dated December 1, 1880, John D. McCall, comptroller of the state of Texas, acting under the provisions of an act of the Legislature, conveyed surveys 29 and 31 of the lands in suit to W. E. Booth, and same was filed for record March 9, 1891, and that on December 17, 1889, and ever since that time, Edward N. Wason was and has been a nonresident of the state of Texas.

With these additional findings, the motion for rehearing is overruled.