## ADAMSON v. COLLINS.    (No. 345.)

(Court of Civil Appeals of Texas.  Waco.
May 20, 1926.  Rehearing Denied
July 1, 1926.)

1. **Appeal and error** ⬅982(1)— **Judgment** ⬅341—**Trial court during term has large discretion in setting aside judgment, and action will not be disturbed in absence of abuse.**

Trial court, during term at which judgment is rendered, has large discretion in setting judgment aside, and action will not be disturbed unless discretion has been abused.

2. **Judgment** ⬅17(1).

Trial court has no authority to render judgment against defendant until he has been served with citation in accordance with law.

3. **Process** ⬅87.

Judgment cannot be rendered against defendant on constructive service as transient unless he is in fact shown to be a transient.

4. **Process** ⬅97—**Evidence held not to show defendant to be transient so as to warrant judgment on constructive service.**

Testimony that plaintiff had unsuccessfully attempted to settle case against defendant, and that citation against defendant had been returned not found by sheriff, did not show that defendant was a transient so as to warrant judgment on constructive service.

5. **New trial** ⬅140(3)—**Trial court held justified by evidence on motion for new trial in holding that defendant was not transient, and in setting aside judgment on constructive service.**

Trial court *held* justified by evidence on motion for new trial, after judgment on constructive service, in holding that defendant was not transient, and in setting aside judgment.

Appeal from Freestone County Court; J. F. Roper, Judge.

Suit by J. W. Adamson against Joe Collins. Judgment for plaintiff, and, from a judgment granting defendant a new trial, plaintiff appeals.  Affirmed.

O. M. Wroe, of Groesbeck, and Sam McCorkle, of Mexia, for appellant.

L. B. Aultman, of Mexia, for appellee.

BARCUS, J.  This suit was instituted by appellant, seeking to recover from appellee certain personal property of the value of $850, or, in the alternative, its value.  In his petition he stated that appellee was a resident of Harris county, Tex.  After the cause was filed, appellant's attorney filed an affidavit stating that the appellee was a transient person and had citation issued and served by publication.  Appellee filed no answer, and the court appointed an attorney to represent appellee, and judgment was rendered in favor of appellant for $850.  Within two days after the judgment was rendered,

appellee filed his motion for a new trial, alleging that the affidavit made by appellant that he (appellee) was a transient person was false; that in truth and in fact his residence was in Houston, Harris county, Tex., where he had resided for many years, and where he maintained an office as well as a residence.  The appellant filed an answer to the appellee's motion for new trial, which consisted of a general demurrer and some special exceptions, which were overruled, to the effect that the motion should not be granted because it did not state that appellee had a meritorious defense.  The court's action in overruling the demurrers and exceptions is the controlling question presented by this appeal.  The court heard evidence on the motion for new trial, and it was shown that appellee was and had been a resident of Houston for a number of years; that he had a telephone at his home, and maintained an office in one of the main buildings, and was well known in Houston.  The trial court, during the same term of court at which the judgment was rendered, granted appellee's motion for a new trial, and it is from the judgment granting a new trial this appeal is perfected.

[1-3] The trial court, during the term at which a judgment is rendered, has a large discretion as to whether same shall be set aside.  Unless it appears that the trial court has abused that discretion, its actions with respect thereto should not be disturbed by the appellate court.  Landers v. City of Austin (Tex. Civ. App.) 278 S. W. 466.  The trial court has no authority or power to render a judgment against a defendant until he has been served with citation in accordance with the law.  Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Maury v. Turner (Tex. Com. App.) 244 S. W. 809.  Service by publication as on a transient person gives the court no jurisdiction over his person unless he is in fact a transient, and, in order to authorize a trial court to render judgment on constructive service on an allegation that defendant is a transient person, that fact must be established.

[4, 5] A statement of the testimony offered on the trial of the original cause was approved by the trial court and filed as part of the record, and it appears therefrom that appellant Adamson testified that he personally knew the appellee; that he had made several efforts to get the personal property involved in the litigation and that appellee was in possession thereof; that after the suit was filed he attempted to make a settlement with appellee, and that at the time of the trial appellee was then in possession of the property; that he had sent citation to Harris county and to Caldwell county for service on appellee, and the sheriff reported he could not find him, and that was the reason he

---

made the affidavit that he was a transient. We do not think this testimony shows as a matter of fact that appellee was a transient person. On the motion for a new trial, the court heard testimony with reference to the residence of appellee, and it was conclusively shown that appellee was not in fact a transient, and had never been a transient, but that he was and had been for years a resident of Houston, Harris county, Tex. The trial court was justified in holding that the appellee was not a transient person and in holding that the affidavit made by appellant in order to get service by publication was in fact not true, and in holding that the evidence at the time of the original trial did not authorize a judgment on service as against a transient person. It was not error for the court to set aside the original judgment. Gordon v. Reeder (Tex. Civ. App.) 202 S. W. 983.

The judgment of the trial court is affirmed.