## GILLIAM v. BROCK.    (No. 2933.)

Court of Civil Appeals of Texas. Amarillo. Jan. 4, 1928.

Rehearing Denied Feb. 1, 1928.

1. **Appeal and error** ⚮⟶384(3)—**Appeal bond, payable to victorious plaintiff, held sufficient without naming defendants other than appellant.**

Appeal bond, payable to victorious plaintiff only, was sufficient without naming defendants not appealing; it being only necessary for it to be payable to all parties having adverse interest as shown by record.

2. **Appeal and error** ⚮⟶564(5)—**Exceptions, bill of** ⚮⟶39(1)—**Appeal, based on statement of facts filed in trial court one day before and of term and bills of exception, filed within 80 days from adjournment, held not subject to dismissal (Vernon's Ann. Civ. St. 1925, art. 2246, subd. 1).**

Under Vernon's Ann. Civ. St. 1925, art. 2246, subd. 1, where statement of facts was filed in trial court day before adjournment of term at which judgment was rendered, and bills of exception were filed in trial court within 80 days after adjournment, appeal was not subject to dismissal for failure of timely filing of such statement of facts or bills of exception.

3. **Appeal and error** ⚮⟶564(2)—**Statement of facts, filed in trial court within 80 days from adjournment, is timely (Vernon's Ann. Civ. St. 1925, art. 2246, subd. 1).**

Under Vernon's Ann. Civ. St. 1925, art. 2246, subd. 1, it is only necessary, as against objection that instruments were not filed in time for appeal, that statement of facts be filed in trial court within 80 days from adjournment of term at which decision appealed from was rendered.

4. **Appeal and error** ⚮⟶621(3)—**Transcript, filed in Court of Civil Appeals within 90 days after perfecting appeal, is timely (Vernon's Ann. Civ. St. 1925, arts. 1839, 2267).**

Under Vernon's Ann. Civ. St. 1925, arts. 1839, 2267, transcript, filed in Court of Civil Appeals within 90 days after perfecting appeal by filing appeal bond, is timely.

5. **Appeal and error** ⚮⟶621(3)—**Bills of exception, brought up with transcript filed in Court of Civil Appeals within 90 days after perfecting appeal, are filed in time (Vernon's Ann. Civ. St. 1925, arts. 1839, 2267).**

Under Vernon's Ann. Civ. St. 1925, arts. 1839, 2267, in view of fact that bills of exception are required to be brought up in transcript, if they are filed with transcript filed in Court of Civil Appeals within 90 days after perfecting ap-

---

⚮⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

peal by giving appeal bond, they are filed in sufficient time.

**6. Appeal and error ⊘⟹621(3)—Statement of facts, filed in Court of Civil Appeals before date for filing transcript therein had expired, held filed in due time (Vernon's Ann. Civ. St. 1925, arts. 1839, 2267).**

Appellant's statement of facts, filed in Court of Civil Appeals before date for filing transcript therein, limited to 90 days after perfecting appeal by giving appeal bond, in view of Vernon's Ann. Civ. St. 1925, arts. 1839, 2267, was filed in due time.

**7. Process ⊘⟹157—Citation bearing seal of wrong court should have been quashed on motion, although party was in court.**

Citation issued from district court, bearing seal of county court, although served on party personally, should have been quashed on motion, although party was personally present in court.

**8. Appeal and error ⊘⟹677—In absence of showing by record that trial court ordered amendment of citation, such question cannot be considered on appeal.**

In passing on validity of judgment because citation issued by district court bore seal of county court, whether district court could amend citation by having proper seal affixed cannot be considered on appeal, where record does not disclose that district court, either on motion of party or on own motion, ordered such amendment.

**9. Process ⊘⟹166—That defendant was in courtroom and refused to answer does not limit right to have citation bearing seal of wrong court quashed on motion.**

Fact that defendant was in courtroom and refused to answer does not afford limitation on his right to have motion to quash citation of district court bearing seal of county court sustained.

**10. Process ⊘⟹159—Refusal to quash citation by publication, where defendant's residence could have been known by reasonable diligence, and attorney's affidavit did not state defendant's residence was unknown, held error.**

In action in trespass to try title and in alternative to recover on note, to foreclose vendor's lien and for other relief, where defendant's residence could have been known by exercise of reasonable diligence, and attorney's affidavit authorizing issuance and service of citation by publication stated only that defendant's residence was unknown to him, not that it was unknown to plaintiff, his client, defendant's motion to quash citation by publication should have been sustained.

Appeal from District Court, Cochran County; Homer L. Pharr, Judge.

Suit by H. C. Brock against Arthur B. Gilliam and others. Default judgment for plaintiff against all defendants. From an order overruling his motion for a new trial, the named defendant appeals. Reversed and remanded.

D. E. Magee, of Levelland, for appellant. W. F. Schenck and Vickers & Campbell, all of Lubbock, for appellee.

RANDOLPH, J. This suit was instituted by the appellee, Brock, against appellant, Arthur B. Gilliam, and Burl L. Martin, J. B. Dunn, and Calvin Adams.

The plaintiff's petition contained two counts; the first count being a formal action in trespass to try title for the recovery of a section of land. The second count sought, in the alternative, to recover upon four certain promissory notes, given by Martin to the defendant Calvin Adams as a part of the purchase money for a tract of land situated in Yoakum and Cochran counties.

In the deed from Adams to Martin, a vendor's lien was reserved to secure the payment of the above named four notes. The plaintiff's petition alleges that, for a valuable consideration, before the maturity of said notes, and in due course of trade, the plaintiff purchased said notes from said Adams, and said Adams on said date executed and delivered to the plaintiff a transfer in writing of said notes, which transfer was duly recorded in the deed records of Cochran county; that, by the terms of said transfer, the plaintiff became the legal and equitable holder of said notes and of the title reserved in said Adams, and that plaintiff is now the legal and equitable holder of all of said notes; that Martin afterwards conveyed the land to Gilliam, and, in the deed executed by Martin to Gilliam, Gilliam assumed the payment of said notes as a part of the considera tion of the conveyance of such land to him. Plaintiff further alleges that the defendants and their unknown heirs are setting up and claiming some sort of an interest and title in and to the land in controversy, and are thereby clouding the title of plaintiff to said land, and that the claim, if any, of each and all the defendants is secondary and inferior to the title of plaintiff.

The second count prays for a foreclosure of the vendor's lien on the land in controversy, etc.

On trial of the case, judgment was rendered by the trial court by default under the first count in favor of plaintiff, and against all of the defendants, for the land in controversy. This judgment was rendered on the 17th day of May, 1927. On the same day, there was filed in said cause by defendant Gilliam a motion for a new trial. This motion for a new trial was overruled by the court, and said defendant has appealed to this court.

At the threshold of the consideration of the case on appeal, we are confronted with a motion filed by appellee to dismiss the appeal on the following grounds, and for the following reasons: (1) That the appeal bond

---

⊘⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is made payable to the plaintiff only, the other defendants not being named in the bond; (2) that the term of court at which the case was tried ended on May 24, 1927, and the statement of facts and bills of exception were not filed in this court until August 24, 1927, more than 80 days after the adjournment of the trial court; (3) because the transcript, statement of facts, and bills of exception herein filed were filed more than 90 days after the adjournment of the trial court, 24th of May, 1927; (4) in no event can the defendant claim more than 80 days in which to file the transcript, statement of facts, and bills of exception, because the trial court only granted him the time given by the law in which to file same.

[1] First. The appeal bond is sufficient. It was only necessary for it to be payable to all parties having an adverse interest, as shown by the record. Weems v. Watson, 91 Tex. 35, 40 S. W. 722; Slayton v. Horsey, 97 Tex. 341, 78 S. W. 919; Ross v. Sechrist (Tex. Civ. App.) 275 S. W. 287.

[2, 3] Second. It was only necessary for the statement of facts to be filed in the trial court within 80 days from and after the adjournment of court. The term at which this case was tried ended May 24, 1927, and the statement of facts was filed in the trial court on May 23, 1927, one day before court adjourned. Appellant's three bills of exception were filed in the trial court on August 4, 1927, several days less than the 80 days allowed him by law. See subdivision 1, art. 2246, Vernon's Annotated Texas Statutes.

[4] Third. The time for the filing of the transcript in this court, as provided by article 1839, requires that it be filed herein within 90 days from the perfection of the appeal, and article 2267 provides that the filing of the appeal bond perfects the appeal, so that a transcript filed in the Court of Civil Appeals, within the 90 days after the perfecting of the appeal, is sufficient.

[5, 6] As the bills of exception are required to be brought up in the transcript, this article also necessarily controls the filing of the bills of exception in this court. The appellant filed his statement of facts in this court before the date for the filing of the transcript in this court had expired, and same was filed in due time. Scott v. McClain (Tex. Civ. App.) 246 S. W. 1118, 1119.

These conclusions naturally answer appellee's motion for dismissal, and same is overruled.

Considering the questions presented by appellant's brief, there is first presented to us the error of the trial court in overruling defendant Gilliam's motion to quash the personal service of citation had on him, for the reason that such citation and certified copy did not contain the impress of the seal of the district court of Cochran county, Tex., as required by law. The second is the refusal of the trial court to quash the citation by publication purporting to give service on him in this cause, because his residence was known to the plaintiff at the time of the making of the affidavit for publication.

[7] It appears from the record that the citation issued from the district court of Cochran county in this cause and served upon the appellant personally did not have upon it the seal of the district court of Cochran county, but, instead, had the seal of the county court of Cochran county. It was therefore voidable and subject to be quashed, and the trial court should have sustained appellant's motion to quash it. Brewster v. Norfleet et al., 3 Tex. Civ. App. 103, 22 S. W. 226; Carson Bros. v. McCord-Collins Co., 37 Tex. Civ. App. 540, 84 S. W. 391; Hale v. Gee (Tex. Civ. App.) 29 S. W. 44; Line v. Cranfill (Tex. Civ. App.) 37 S. W. 184.

[8] The appellee herein takes the position that the trial court had a right to amend the citation by having the proper seal affixed to the citation. This question is not before us for consideration, as the record nowhere discloses that the trial court, either on motion of the appellee or of his own motion, ordered any such amendment.

[9] The fact that the appellant was in the courtroom and refused to answer in the case does not afford any limitation upon his right to have his motion to quash this citation sustained. He had the right to rely upon the motion and the right to demand that he be brought into court by legal process.

[10] The appellant's motion to quash the citation by publication should have been sustained. The defendant's residence could have been known by the exercise of reasonable diligence. Gordon v. Reeder (Tex. Civ. App.) 202 S. W. 983; Adamson v. Collins (Tex. Civ. App.) 286 S. W. 598. Further, the affidavit of the attorney authorizing the issuance and service of the citation by publication states only that the residence of the appellant was unknown to him—it nowhere states that the appellant's residence was unknown to his client, the plaintiff.

The conclusions we have reached render the discussion of other questions unnecessary, as they will not likely arise on another hearing.

For the errors indicated, the judgment of the trial court is reversed and remanded.