**GARNER v. McKINNEY et al.**

No. 2982.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1953.

Conner & Conner, Eastland, for appellant.

J. M. Nuessle and Allen D. Dabney, Eastland, for appellees.

GRISSOM, Chief Justice.

On June 14, 1944, John L. Richardson and wife were the owners of two lots in Ranger, Eastland County, Texas. On that day the Richardsons sold the lots to J. C. McKinney and wife and executed and delivered to them a deed, but it was not filed for record until December 10, 1949. In June, 1944, the McKinneys moved into the house on the lots and occupied the same as their homestead and remained in physical possession until October 6, 1950. The property was not rendered for taxes in 1944, but the lots were rendered by the McKinneys in their names to the County, State and City, and the taxes were paid thereon by the McKinneys in 1945, 1946, 1947, 1948 and 1949. The records in the office of the tax collector of Ranger were changed in 1944 to show that McKinney and wife were the owners of said lots. When the property was rendered for taxes by the McKinneys, the rendition sheets showed the McKinneys were the owners of the lots and that they were their homestead.

On March 7, 1947, a suit was filed styled "The State of Texas, et al, vs. Mary Edith Turley, et al" in which John L. Richardson and many other persons were named as defendants. The McKinneys were not named in the petition, nor in the citation. The unknown owners of the lots were also sued; the petition alleged that "the names of the above mentioned unknown heirs and unknown owner or owners being unknown to the attorney filing this suit, and of the City of Ranger and Ranger Independent School District * * *." Walker, the attorney authorized to collect delinquent taxes, made an affidavit for citation by publication for all of the defendants, including "the unknown owner or owners of the land." He swore that the names of the owners were unknown to him and "after inquiry, cannot be ascertained." All of said defendants were cited only by publication.

McKinney and wife were not parties to said suit and were not served with any character of citation, unless they were "unknown owners" of said property, and, as such, made parties to the suit and served with citation by publication.

Judgment was rendered for the taxing units and the lots were sold by the sheriff to B. E. Garner for $30. The tax judgment was rendered April 24, 1947. The sheriff's deed to Garner is dated July 1, 1947. It was filed for record on the 18th day of September, 1947. The McKinneys did not know that said lots were not rendered for taxes or that taxes were not paid for 1944 and did not know of the tax suit or the sale to Garner, until 1950.

In April, 1951, the McKinneys sued Garner for title and possession of the lots. The petition on which the case was tried contained the usual allegations in trespass to try title and the further facts heretofore mentioned. The McKinneys alleged they were not parties to the suit and were not cited; that no effort was made by the tax attorney to ascertain their rights and interest in said lots, although the slightest inquiry would have disclosed their ownership. They alleged the facts heretofore mentioned with reference to their possession, the rendition of the lots for taxes by the McKinneys; that their renditions showed the lots were their homestead and disclosed their names and addresses; that said facts were disclosed by the renditions on file in the offices of the tax assessors of Eastland County and the City of Ranger; that since their purchase from the Richardsons the McKinneys had been in visible and actual possession; that they were in possession when the tax suit was filed and had been for several years; that because they were not made parties nor cited, the tax judgment was void as to them.

They tendered into court an amount sufficient to pay all delinquent taxes, penalty and interest, and the fees incident to the tax suit. They prayed that the sale and the sheriff's deed be declared void as to them and that they have judgment for title and possession of said lots.

Garner answered by a general denial and a plea of not guilty. He further alleged that the tax judgment was rendered after lawful notice to the McKinneys; that more than two years had passed since he purchased the lots at the sheriff's sale; that the McKinneys had not redeemed said lots. He also plead the two-year statute of limitation.

█ In a trial to the court, judgment was rendered awarding title and possession to the McKinneys. Garner has appealed. There are no findings of fact and conclusions of law and we, therefore, must assume the trial court found every fact possible in support of the judgment. Therefore, the facts are stated in the light most favorable to appellees.

█ Although appellant forcefully presents several points, the decision rests upon a determination of the question whether the McKinneys were unknown owners and, therefore, parties to the suit and cited by virtue of a citation by publication addressed to "unknown owners." Under the facts mentioned, we have concluded that the McKinneys were not unknown owners, were, therefore, not parties to the suit and were not cited and, hence, were not bound by the judgment.

The McKinneys were in actual, exclusive, open possession of the lots, occupying and claiming them as their homestead, render-

ing them for taxes and paying taxes thereon when the suit was filed and the tax judgment rendered, and had been since 1944. The offices of the tax assessors and collectors of Eastland County and City of Ranger disclosed the names and addresses of the McKinneys as owners of the lots and that they were occupying them and claiming the same as their homestead. Even the record owner, Richardson, was not served with citation, except by publication. The exercise of the slightest diligence would have disclosed the fact that the McKinneys were the owners of the property. The taxing units and their attorney were charged with the information that reasonable inquiry would have revealed, that is, that the McKinneys were the owners of the lots. The tax collector and assessor who, necessarily, furnished Walker with the information necessary to institute the suit knew, when the suit was filed and judgment rendered, because such facts were revealed by their records, that the McKinneys had been rendering said lots for taxes, paying taxes thereon and claiming them as their homestead. See Bomar v. Runge, Tex.Civ.App., 225 S.W. 287, 288 (Writ Ref.); Bingham v. Matthews, 39 Tex.Civ.App. 41, 86 S.W. 781; Sellers v. Simpson, 53 Tex.Civ.App. 205, 115 S.W. 888. It was the statutory duty of the tax assessor and collector to furnish to Walker such information upon request. Vernon's Ann.Civ.St. art. 7326. There was ample evidence that Walker did not exercise diligence to ascertain ownership of the lots and to sustain the trial court's implied findings. The McKinneys were not unknown owners within the meaning of the statute which authorized citation by publication of unknown owners of land against which taxes were delinquent. Vernon's Ann.Civ.St. art. 7327. Possession of real estate is prima facie evidence of ownership and notice to the world of the possessor's title. It is the duty of a prospective purchaser to go to the person in possession and ascertain the nature and extent of his claim. Carver v. Moore, Tex. Civ.App., 275 S.W. 90, 93; Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 460, Id., 98 Tex. 162, 83 S.W. 184.

In Newman v. Phalen, Tex.Civ.App., 214 S.W. 958, 960, the court said:

"We think it is equally as well settled that an open, exclusive, and visible possession, maintained by the holder of an unrecorded deed, when the right of the creditor attaches, is notice of the right under which the land is held."

In Hollywood v. Wellhousen, 28 Tex. Civ.App. 541, 68 S.W. 329, 332, (Writ Ref.), the court said:

"Appellants were in possession of the land when the suit for taxes was instituted, and had been for 10 years; and the state of Texas was charged with knowledge of such possession, and the officers representing the state had no basis for the affidavit that the owner was unknown. If no one had been in possession of the land, the judgment against the unknown owner might bind the owner, but we cannot subscribe to the doctrine that a man in possession of his homestead can be deprived of his title by a suit against an unknown owner. If the rule should prevail that a man occupying his homestead can be dispossessed of the same through a suit against an unknown owner, of which he has no actual notice, no citizen could feel secure in the title to his property."

Although the owner's deed was recorded in Scales v. Wren, 103 Tex. 304, 127 S.W. 164, the language of Judge Gaines is applicable to the decisive question in this case:

"But the question in the instant case is: Have you got the proper parties? The statute authorizes a suit against the 'unknown owner' of the land, and not against an owner who is known, and whose name and residence could have been discovered upon proper inquiry. Hence a judgment against the unknown owner does not conclude the title of one who is known, or can be known. No one can doubt that the judgment is conclusive as between the state and the unknown owner; but here we have a case in which the owner was known, or could have been known by the slightest diligence. The known

532

owner is entitled to his day in court, and to be heard on defense of his rights. He is entitled to service of citation if he be within the jurisdiction of the court. Not having been served with process, and being within the jurisdiction of the court, and not being an unknown owner, he was not a party to the proceedings, and we fail to see how he can be concluded by the judgment." See also O'Ferral v. Coolidge, Tex.Civ. App., 225 S.W.2d 582, affirmed 228 S. W.2d 146; Griggs v. Montgomery, Tex. Civ.App., 22 S.W.2d 688.

In Hume v. Carpenter, Tex.Civ.App., 188 S.W. 707, 710 (Writ Ref.), it was held that if the owner of the land could have been known to the tax attorney by the exercise of reasonable diligence, but he failed to exercise such diligence, the tax proceedings and the sale thereunder were void for the reason that the true owner was not in fact cited to appear and answer. It was further held that the fact that such attorney made the affidavit required by statute was not conclusive of the fact that the owner was unknown and that in a suit by the owner to recover the land he had the right to show that by the exercise of reasonable diligence the tax attorney could have ascertained his ownership and, if such facts were shown, the judgment in the tax proceeding and the sheriff's deed were nullities and no title was acquired by virtue thereof. All of appellant's points are overruled.

The judgment is affirmed.