[225] MARY C. FLEMMING vs. SAMUEL G. POWELL — Appeal from Harris County.

The provision in the first section of the act of the Texas congress of 1840, p. 153, which gives to an ink scroll the effect of a seal, "provided the person making the same shall, in the body of the instrument, recognize such scroll as having been affixed by way of a seal," does not require the *recognition* to be in any specific terms. If it can be fairly inferred or collected from the body of the instrument, that the party affixing the scroll intended it as a seal, it is sufficient to bring it within the proviso.

Using the words, "in testimony whereof, I have hereunto set my hand and seal," or other equivalent expressions in the attestation clause of an instrument, with a scroll appended, is a sufficient recognition of the scroll, as the seal of the party making the instrument.

A former sheriff, after he has gone out of office, may amend a deed executed by him as sheriff while in office, provided such amendment is only to give to the purchaser more perfect evidence of his right under the deed, and not any new right. [7 Tex. 468: 8 Tex. 36.]

The provision in the execution laws which requires that property, when pointed out by the plaintiff in execution, shall bring its appraised value or there shall be no sale, does not apply to property sold under a decree, upon the foreclosure of a mortgage, or other voluntary lien.

This suit was brought by the appellee against the appellant, for the recovery of certain improved real estate in the city of Houston. The appellee claimed under a deed from the sheriff of Harris county, executed to him as the purchaser of the property, under a decree of foreclosure and order of sale of the mortgaged property.

At the trial sundry exceptions were filed to the various rulings of the court, by both parties, but as the following bill, filed by the defendant, presents all the questions which were adjudicated by the court, it is deemed unnecessary to insert the others, viz.: " Be it remembered that when this cause came on to be heard, on the trial thereof, the defendant by her counsel prayed the court to charge the jury:

"1st. That the paper offered in evidence by plaintiff as the sheriff's deed was not a conveyance passing the title of [226] Fisher to the plaintiff before the institution of this suit," which charge the court refused to give, and the defendant by counsel excepts thereto, and prays that his exception be nerolled.

" 2d. The defendant by counsel prayed the court to charge the jury that if they believed from the testimony that Fitzgerald inserted in the paper which was offered and admitted by the court in evidence as a sheriff's deed, the words ' scroll by way of a ' before the word ' seal ' as an interlineation on the day of trial, and after his term of office as sheriff had expired, that the paper is no evidence of title at the time of instituting this suit, which instruction the court refused to give; but on the contrary charged the jury that they had nothing to do with the formal execution of the paper in question after it had been admitted in evidence, and that if they believed from the evidence that the plaintiff had complied with the terms of sale made by the sheriff, that the execution of the deed on the trial in presence of the court and jury by Fitzgerald related back to the day of sale, by him made as sheriff; to which refusal

and charge of the court defendant by counsel excepts, and prays that his exception be enrolled.

" 3d. On the trial of this cause the court, at the request of plaintiff's counsel, charged the jury that the paper offered in evidence by plaintiff as the sheriff's deed, under which he claims title, though not sealed, was a contract giving plaintiff the equitable title to the lot in controversy, the execution of which by the sheriff could be compelled by law; and that the execution thereof by Fitzgerald by inserting the words '*scroll by way of a*' before the word '*seal*' on the trial, is an amendment of an official act relating back to the day of sale, and was a sufficient title to maintain this action of ejectment; to which charge the defendant by counsel excepts, and prays that the exception be enrolled.

" 4th. The defendant prayed the court to charge the jury that if they believed from the testimony that the property in question had been sold under execution, and that it was pointed out by the attorney of plaintiff in execution, after [227] two offers of sale had been made under prior executions in the same case, that then under the law the property ought to have brought the full amount of the appraisement thereof, and that if it did not so bring the amount of its appraisement the sheriff was prohibited by law from selling, which instruction the court refused to give as being inapplicable to the case of property decreed to be sold under a decree of foreclosure and sale of property under a mortgage, and charged that the sale was well made for two-thirds of the appraisement; to which refusal defendant by counsel excepts, and prays that his exception be enrolled and signed as a part of the record of the case, which is accordingly done.

" JOHN B. JONES, [L. S.]<br>
" Judge 7th District."

No counsel appeared for appellant.

*R. C. Campbell*, for appellee,[1] contended:

1st. That the words "in testimony whereof, I have hereunto

---

[1] Mr. Campbell furnished the court with a very elaborate written argument in this case, which the reporters regret being compelled to omit on account of its great length.

set my hand and seal," in the attestation clause of the sheriff's deed, was a sufficient recognition of the scroll appended to it, *as his seal*, without the amendment which the sheriff subsequently made, by inserting the words "scroll by way of a" before the word "seal," and cited 1 Wash. 42, 44; 1 Munf. 487; Walker (Miss.), 465; 5 Howard (Miss.), 152; 3 Ala. 145; 4 Yerg. 532; 1 Bibb, 492; 1 Serg. & Rawle, 73; 4 McCord, 269, 271.

2d. That if the deed were not originally good the amendment was properly made, and cured the defect. To this point he cited 1 Bouv. L. Dic. 74; 6 Greenl. 162, 106; and

3d. That the sale of the mortgaged property for less than its appraised value was a valid sale. It was a sale under [228] a decree which the sheriff was bound to obey. 5 Wend. 170; 8 id. 546–7; 12 id. 96; 1 Ala. 49.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This was an action to recover real estate in the city of Houston, brought by the appellee against the appellant. The appellee claimed title derived from a sheriff's sale on an execution issued under a decree of foreclosure and order of sale of the mortgaged property.

There has been no appearance for the appellant, and the cause has been submitted by the appellee on a written agreement. Under such circumstances, all that we can do is to look into the record and see if there is any apparent error for which the judgment of the court below ought to be reversed.

There is a statement of the facts and a bill of exceptions in the record; from the latter it would seem that the grounds of appeal are,

1st. To the charge of the court in permitting the sheriff's deed to go to the jury after it had been amended by that person in the progress of the trial, when he was no longer sheriff.

2d. To the charge of the court that if the property decreed to be sold had sold for two-thirds of its appraised value, it was all that the law required.

We shall take them up in the order here presented; as to the 1st. It will be seen that the sheriff's deed in the attestation

clause, before the amendment objected to, read: "In testimony whereof, I have hereunto set my hand and seal, in my official capacity of sheriff, at my office in the city of Houston, this the second day of September, A. D. eighteen hundred and forty-five. John Fitzgerald, [L. S.] sheriff Harris county." The amendment complained of was the insertion of the words "*scroll by way of a*" between the word "*and*" and the word "*seal.*" It will be necessary to consider [**229**] whether this amendment was at all essential to the validity of the sheriff's deed.

The legal effect of the substitution of an ink scroll for the wax seal, anciently in use in England, has been productive of much discussion, and a considerable contrariety of decision; but by a reference to the reported cases, it has been held in almost all of the southern and western states, that the ink scroll is sufficient, and indeed so universal has been the practice, that now to subvert it would be productive of a great deal of mischief and trouble, if not of irreparable loss. And if we should feel ourselves bound to make such a decision, it will be by the force of the proviso in the first section of an act *concerning conveyances*, Acts Texas Congress, 1840, p. 153. It is in the words following: "provided, the person making the same shall, in the body of the instrument, *recognize* such scroll as having been affixed by way of a seal." It will be seen that the proviso does not require this *recognition* to be in any specific term; if, then, it can be fairly inferred or collected from the body of the instrument, it will be sufficient to bring it within the proviso of the act. To take the whole context of the clause of attestation recited above clearly manifests the intention to make a seal, and would, when applied to the scroll so made, be a recognition of it as a substitute for the wax seal; this construction of the attestation clause of the deed will be strongly fortified by reference to adjudicated cases.

The case of Lee v. Adkins, Minor, 187, was an action of debt in the usual form of debt, on a writing obligatory; the instrument offered in evidence was as follows:

"$150. Six months after date, I will pay John Baird or order one hundred and fifty dollars, for value received of him this 15th of November, 1820. ALLEN ADKINS." [Sealed.]

The character of this instrument was discussed before the supreme court of Alabama, and it was held not to be a sealed [230] instrument. It will be seen that it carried on its face no evidence that the party making it intended to make it a sealed instrument, but the word "sealed" written within the scroll, a majority of the court held that if the body of the instrument showed an intention to make a sealed instrument, the scroll after the maker's name would be a sufficient seal, and that it was not material whether this intention should be in the usual attesting clause: *In witness whereof, I have hereunto put my hand and seal*, or in any other part of the instrument, before the maker's name. But as this instrument conveys no such intention, that it could not be received as a sealed instrument, one of the judges dissenting on the ground that in his opinion the scroll with the word "seal" written in it was sufficient to make it a specialty; and such has been the current of authority in all the courts where an ink seal has been sustained as a substitute for a seal of wax or some other adhesive substance, that the intention to make a sealed instrument of any kind could be collected from the instrument itself, it would be a sufficient adoption of the scroll. We believe that our statute was made in reference to those decisions, and as the recognition is not required to be in any particular form of words, that it is sufficient, if the intention of the party can be gathered from the language of the body of the writing.

It would seem, therefore, that it was a sufficient deed, with the scroll, without the words added by way of amendment. If, however, it had been otherwise, and the employment of the words inserted essential, it does not seem to have been objectionable to make the amendment at the time it was made. The making of the deed by the sheriff was a ministerial act, and it is not reasonable to hold the innocent purchaser answerable for an omission so made. Sheriffs are often permitted to amend returns long after they have been made, and when so made, the amendment relates back to the time when it should have been made, and we can perceive no reason why he should not be permitted to make an amendment [231] to his deed to

the purchaser, the more especially as it gave no new right, but was only extending to the purchaser that evidence of his purchase that the law entitled him to receive; the bid and the payment of the purchase money constituted the purchaser's right, and the sheriff's deed was only evidence of right. This amendment, if necessary, could be made after the sheriff had gone out of his office, because as he is held answerable for the truth of his returns, he is permitted to correct them, not for the purpose of misrepresenting, but showing what in truth had been done.

The other objection, that the purchaser ought to have given the full appraisement, because he pointed out the property, is not well sustained. The proceedings in this case sought satisfaction of a debt by the enforcement of a voluntary lien, given by the mortgagor on specific property. And the decree and the execution was for the sale of that property, and not against the general property of the defendant, and consequently the statute that secured to the defendant in execution the privilege of pointing out property first to be levied on does not apply, or at least so much of it as gives the privilege of pointing out property. Let the judgment be affirmed.

---

[232] HIRAM CLOSE vs. WM. FIELDS — Appeal from Galveston County.

[See same case, 9 Tex. 422; 13 Tex. 623.]

The *bona fide* holder of a bill of exchange, in which a blank was left for the name of the payee, may at any time fill the blank with his own name, and having done so, he can maintain a suit against the drawer or acceptor.

Whether the mere naked possession of a bill of exchange by the acceptor affords any evidence of payment depends upon the circumstances under which it was drawn. It is, therefore, a question of evidence for the jury. If it were an accommodation bill, drawn for the purpose of obtaining a loan, the possession by the acceptor would not even be *prima facie* evidence of ownership, or of payment, unless it were shown the bill had been in circulation after acceptance. But if drawn against a pre-existing debt, due from the acceptor to the drawer, the possession of the bill by the acceptor would be presumptive evidence, at least, of a payment, to that extent, of the pre-existing debt.