## D. AND A. OPPENHEIMER V. G. W. REED.

### No. 672.

**1. Sheriff's Sale—Separate Parcels—Statute Directory.**

The statute requiring land in towns and cities to be sold by lots is directory, and is not a limitation on the power of the court to order the sale in the mode deemed proper and most conducive to the interest of the parties concerned.

**2. Same—Irregularity—Voidable, but Not Void.**

Where a decree and order of sale thereunder, in foreclosure of a mortgage upon several town lots, directs that the lots be sold together, and the sheriff sells them separately, this is an irregularity that does not render the sale void, and subject to collateral attack.

**3. Same—Waiver—Acquiescence.**

Such irregularity in the sale will be held waived by long silence and acquiescence therein on the part of those having the right to complain.

APPEAL from La Salle. Tried below before Hon. M. F. LOWE.

*Lane & Hicks*, for appellants.

*W. J. Bowen*, for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action instituted by appellants

against appellee to try title to lot six, block four, in the town of Cotulla. The cause was submitted to the district judge, and a judgment was rendered in favor of appellee.

It was proved that on March 6, 1891, appellants, as plaintiffs, recovered judgment against M. P. Kerr and M. J. Kerr for $3395.38, with a foreclosure of a mortgage lien on certain town lots in Cotulla, the lot in controversy being among the number. It was provided in the judgment that the lots should be sold in a body, and it was so specified in an order of sale that was issued in said case, on March 30, 1891, directed to the sheriff of La Salle County. There was a full compliance with the law up to the date of sale. The sheriff then sold the lots, not in a body, as directed by the order of sale, but separately, and one D. C. Smith bought the lot in controversy, and a deed was made to him by the sheriff. Smith afterwards conveyed the lot to appellee. Both of the deeds were duly recorded.

Afterwards, on November 10, 1892, a second order of sale was issued by virtue of the same judgment, again directing the sheriff to sell the lots in a body. He did so on January 3, 1893, and appellants bought them, and a deed was made to them by the sheriff, which was duly recorded.

It is contended by appellants that the deed of the sheriff was a nullity, for the reason that the sale was not made in conformity to the decree and order of sale.

The statute requiring land in towns or cities to be sold by lots is directory, and, it would seem, is addressed to the officer who executes the writ. It is not a limitation upon the power of the court to order the sale in the mode deemed proper and most conducive to the interest of the parties concerned. If it were, however, the presumption in favor of the judgment would be that the exception under which a different mode may be pursued, had arisen in the case. We hold, therefore, that the judgment, if it could be attacked in this proceeding, was a valid one.

It was the duty of the sheriff to obey the decree and to follow the manner prescribed by it in the sale of the property. "No departure from the manner in which a sale is directed to be made, either under a judgment at law or a decree in equity, is permitted." Williamson v. Berry, 8 How., 543 (49 U. S., 1191). "If the sale is made under a decree which contains directions concerning the time, mode or terms of sale, it constitutes the law of the case, to which the officer must yield unquestioning obedience. If it directs the property to be sold in one parcel, it must not be subdivided." 2 Freeman Ex., sec. 300, p. 998. In selling the land the sheriff should have looked to the order of sale to ascertain his powers in connection with the land. However, he disregarded his instructions and sold the land in a different manner from that prescribed by the decree, and the vital question is presented, Did his disregard of instructions render the sale void, or was it merely voidable? If the sale was void, it was subject to attack in a collateral

proceeding, and the judgment of the lower court was erroneous and should be reversed; if it was merely voidable, the sale could not be attacked in a collateral proceeding, and the judgment should be affirmed.

As stated in the authority cited, the manner of sale prescribed by the decree was the law of the case for the sheriff, just as the statute requiring the lots to be sold separately would have been, had the decree not prescribed the form, and the failure to follow the decree would not, it would seem, have the effect of rendering the sale void, unless a similar irregularity under the statute would have a like effect.     In other words, a failure to follow a form of proceeding laid down in the decree and one laid down in the statute would have similar results.     If this proposition be correct, then authorities on the subject of failure of the officer executing a writ to follow the provisions of statute law as to the manner of sale can be looked to in leading to a correct conclusion in this case.     Discussing irregularities in the sale of real property made by a sheriff, in Howard v. North, 5 Texas, 291, it is said: "In most of the states the rule is well settled that a purchaser is not bound, nor is a purchase affected, by the irregularities of the sheriff committed in making the sale, where such irregularity has taken place without the concurrence or participation of the purchaser.     But a clear distinction is recognized to exist between a sale without authority, and one where the authority is not strictly pursued; in the former case the sale is void, in the latter the title will pass, and the party injured by the irregular acts of the officer will be left to his remedy against him for the injury. In Williamson v. Farrow, 1 Bailey, 611, it is said to be the general rule, as to purchasers' sales, that where the defect in the proceedings is such as may be cured by consent, acquiescence or amendment, it does not affect the title."

In Ayres v. Duprey, 27 Texas, 594, it is said: "If the sheriff is wanting in power to make the sale, the title claimed under it is void, but if there has been a defective or erroneous exercise of the power conferred upon him, the title of the purchaser under some circumstances may be avoided in the proper time and manner as to some persons, and for some purposes."     A Georgia case is cited in above opinion, in which it is held to be the sound doctrine that "although the failure in the performance of any part of the sheriff's duty might subject him to an action in which he would be compelled to indemnify the owner of the land which might be irregularly sold, or the creditor to the extent of the injury received by such sale, yet it would not destroy the title of the purchaser."     Speaking further on the matter, our Supreme Court says: "Such irregular execution of process may be set aside by motion in the court from which it issued; or in some cases, on an appeal to the equity powers of the court in a proceeding directly for this purpose, when, with all the parties before the court, it can make its decree so as to relieve the one without detriment to the other.     It seems, however, to be abundantly settled, that the question of irregularity or error in the execution or the proceeding under it by the sheriff, can never be discussed collaterally

in another suit. It cannot be made a question, it has been said, in an action in ejectment. When a party in a collateral action claims title under a sheriff's deed, the court cannot look into alleged irregularities in the process or proceeding of the sheriff. Nor could it in such case make a decree avoiding the sale, and at the same time protect the interest of all parties whose interest would be thereby affected. The fact of the plaintiff in execution being one of the parties to the collateral suit does not vary the rule."

Speaking of the above decision, it is said in Boggess v. Howard, 40 Texas, 153: "These views, we believe, are fully sustained, not only by the numerous cases cited in the opinion, but by the still greater number from courts of the highest authority to which it was deemed necessary to refer." The authority from which we have so liberally quoted becomes patent, in this case, upon the hypothesis that the act of the sheriff in selling in parcels when commanded to sell in bulk, is an irregularity in the exercise of authority that was granted him by the writ. If the irregularity affected the power of the officer to sell the land, then the sale must necessarily have been void and subject to attack in a collateral proceeding, but if it was merely an irregularity that went to the manner of sale, the sale was simply voidable. Undoubtedly the decree and order of sale authorized and empowered the sheriff to sell the identical land in question. It is virtually admitted that his every act was lawful and binding in everything except that he did not sell in bulk as ordered to do. It is not intimated that anyone was injured in any manner by his mode of sale, but the only contention is, the sheriff was ordered to sell all the lots together, and he sold them separately, and therefore the sale is null and void. We are of the opinion that the irregularity was one that did not affect the power to sell, but was an irregularity as to the manner of proceeding, which is uniformly held not to render a sale void. Such being the case the sale cannot be attacked in a collateral proceeding, but if there was dissatisfaction with the sale it should have been vacated in the manner hereinbefore indicated, and not by an independent action of trespass to try title against the purchaser at execution sale.

The irregularity in the sale being of the class, as we believe, that does not affect the power to sell, it was of the class that could be cured by consent or acquiescence.

The first intimation that was given by appellants that they were dissatisfied with the sale was when they issued another order of sale, eighteen months after the land had been sold, and after it had been conveyed to appellee by the vendee of the sheriff. It was more than three years after the first sale before any action was taken to annul the sale, and then it came in the shape of an action of trespass to try title, in a different county from the one in which the judgment was rendered. The judgment debtor has never expressed dissatisfaction with the sale. We are of the opinion that not only is the sale not subject to a collateral

attack, but that appellants have waived all irregularities in the sale by their long silence and acquiescence in the same.

The judgment is affirmed.

*Affirmed.*

Delivered October 2, 1895.

Writ of error refused.