## W. V. BINGHAM, ADMINISTRATOR, ET AL. v. J. MATTHEWS.

### Decided April 8, 1905.

**1.—Tax Suit—Citation—Unknown Owner—Notice by Possession.**

Where the owner of land is in the actual occupation thereof, through agents or tenants, and his title is of record, the State and its officers are chargeable with knowledge of such possession and title, and can not, by a suit for delinquent taxes against an unknown owner, with citation by publication only, deprive the owner of title.

**2.—Same—Void Judgment.**

The judgment and sale had thereunder in such case, in a suit brought under the Acts of 1897, page 132, were void and ineffectual to pass the owner's title, and the judgment was subject to collateral attack in an action of trespass to try title.

Appeal from the District Court of Young. Tried below before Hon. A. H. Carrigan.

*C. W. Johnson* and *Thos. D. Sporer,* for appellants.

*R. F. Arnold,* for appellee.

MACK, SPECIAL ASSOCIATE JUSTICE.—The appellee, J. Matthews, joined by others, brought an action in trespass to try title to recover three tracts of land in Young County against the appellants, W. V. Bingham, administrator of the estate of J. M. Cole, deceased, Mrs. Mary Cole and Anna Cole, surviving widow and minor child, respectively, of the deceased, and others not interested in this appeal. The appellants— defendants below—the minor child appearing by her guardian ad litem, answered by plea of not guilty, and by special answer setting up the invalidity of certain judgments in tax foreclosure suit, and subsequent proceedings therein affecting the land in controversy, through which appellee deraigned title, as well as a tender made by the administrator of Cole to appellee of double the amount of money paid by the latter to redeem the lands acquired by him in the tax foreclosure proceedings. It was alleged that this tender was made within the statutory two years, refused by appellee, and that appellee was estopped from asserting title by reason of other facts, which latter pleading is immaterial in view of the disposition made of this appeal. A nonjury trial resulted in judgment for the appellee for the title and possession of the land in controversy, from which judgment appellants prosecute this appeal.

From the statement of facts prepared by the trial judge we conclude that the three tracts of land in controversy, aggregating 369 acres, were rendered for taxes by the owner, J. M. Cole, in 1896 and 1897, he being a resident of Jack County. In November, 1896, Cole sold the lands to Wade Bennett, who lived in Dallas County, and the latter reconveyed to Cole, the deed of reconveyance having been filed for record in Young County June 25, 1898. Bennett was unknown to the tax assessor of Young County, having made but two short visits to Jack County.

The lands became delinquent for taxes for the year 1898, being on the unrendered rolls in the name of an unknown owner. Cole married the appellant, Mrs. Mary Cole, in 1898, Anna Cole, the minor appellant, being the sole issue of such marriage. Cole died in February, 1899, leaving his surviving widow and the said child. At the time of his death he was a resident of Jack County, and conducted a gin there, but he was well known to all business men in Young County, where he owned a pasture. The appellant, W. V. Bingham, is the administrator of the estate of decedent.

In the summer of 1899 the county attorney of Young County filed suits returnable to the August term, 1899, of the District Court of Young County, for foreclosure of tax liens on the lands in controversy against "an unknown owner." These suits were prosecuted to judgment, service of citation being had by publication against the unknown owner, and judgment by default rendered at the February term, 1900, subsequent to which orders of sale were duly issued and executed, eventuating in the sale of the lands to the appellee, Matthews, for the total sum of $84. No question is made of the regularity of the tax foreclosure proceedings. Two sons of Mrs. Cole, by her first husband, were in possession of the lands in 1899, making a crop on the 100-acre farm embraced within these lands, living on the lands while at work. Appellee lived three miles from the lands in controversy, having lived there for a number of years, and was engaged in business at Finis, in Jack

County, while the decedent operated a gin at that place a few miles from the lands.

We have found it necessary to dispose of but one question on this appeal, whether, where the owner of land is in the actual occupation thereof, through agents or tenants, and where his title is of record the State and its officers are chargeable with knowledge of such possession and title, and can, by a suit for delinquent taxes against an unknown owner, and without actual notice to the real owner, deprive the latter of title.

On the trial, appellants objected to the introduction in evidence, as the sole constituent of title by appellee, of the judgments by default in the tax lien foreclosure suits, insisting that, insofar as they are concerned, these judgments are void. This objection being overruled, error is here assigned, to which appellee responds that, under Sayles' Statutes (1897), article 5232 o, Act Twenty-fifth Legislature, 1897, page 132, section 15, the judgments are valid, and the attack now made thereon by appellants amounts to a collateral attack. With this contention we do not agree, and accordingly hold that the objections to the introduction of these judgments in evidence were well taken, and should have been sustained by the trial judge. (Hollywood v. Wellhausen, 68 S. W. Rep., 329; Green v. Robertson, 30 Texas Civ. App., 236, 70 S. W. Rep., 345.)

Being clearly of the opinion that, under the Act of the Twenty-fifth Legislature, 1897, page 132, relating to the foreclosure of liens for delinquent taxes on lands, a judgment by default rendered against an unknown owner of lands, which are in the possession of the owner or his tenants, and where, his title being of record, the State, through her proper officers, by the exercise of ordinary diligence, could have ascertained the real owner and made him a party to the foreclosure suit, is absolutely void and ineffectual to divest the true owner of title, we conclude that the judgment of the court below should be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Conner, Chief Justice, and Stephens, Associate Justice, being disqualified, and such disqualification being certified to the Governor, C. K. Bell and Theodore Mack were appointed Special Chief Justice and Associate Justice, respectively.