F. L. CROSBY ET AL. v. A. L. TERRY ET AL.

Decided February 10, 1906.

**1.—Tax Judgment and Sale—Motion to Set Aside.**

To recover delinquent taxes for several years suit was instituted against unknown owner and against a married woman, the community owner and occupant of the premises, without joining her husband; the defendants were all cited by publication only; judgment was rendered for the taxes due and costs, with foreclosure of tax lien and an order of sale; an order of sale issued and the land was sold for $75.05; it was reasonably worth $2,500; no personal notice of the sheriff's levy and sale was given to any of the defendants; if the owners of the premises had known of the suit and sale they would have paid the amount due and prevented the sale. Held, the court properly set aside the judgment and sale thereunder.

**2.—Lien of Purchaser—Costs.**

Under the facts of this case it was error for the court to decree a lien upon the premises in favor of the purchaser at the tax sale to secure the amount of his bid. For certain items of cost the owner of the premises was not liable.

**3.—Motion to Set Aside—Proper Proceeding.**

Under the facts of this case a motion to set aside the judgment and sale was the proper proceeding. A motion to retax cost would not have been adequate.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Jas. C. Scott,* for appellants.—The judgment against Mrs. Crosby was void, and all costs in that suit before judgment, and especially after judgment, were likewise void, and not a cause of action against her or her husband. Rev. Stats., art. 1425; costs of void judgment, art. 1245; Witt v. Kaufman, 25 Texas Sup., 384; Roller v. Reid, 87 Texas, 76.

A judgment against Mrs. Crosby without personal service was void. Rev. Stats., art. 1245; Roller v. Reid, 87 Texas, 76; Hollywood v. Wellhausen, 68 S. W. Rep., 330; Green v. Robertson, 70 S. W. Rep., 345.

The judgment against Mrs. Crosby was not authorized because the land was not her separate estate. Rev. Stats., art. 2968; Gaston v. Wright, 83 Texas, 285.

Appellee Terry is not an innocent purchaser for value to be protected in case of excessive costs. Peters v. Clements, 46 Texas, 123; Gaston & T. v. Dashiell, 55 Texas, 516.

The judgment being held void, it can not establish any costs upon appellants by any process issued under it. Bexar County v. Voght, 91 Texas, 286.

*J. H. Warren,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action instituted by Ellen H. Crosby and her husband by motion to set aside a judgment of the District Court in a tax suit and the order of sale and sheriff's deed based

thereon. A. L. Terry, the purchaser at such sale, answered and asked if the judgment be set aside that he have judgment for the amount he had bid, with interest and costs, and the same be declared a lien on the land. The court rendered judgment setting aside the sale, but gave Terry judgment with lien as prayed for, from which the plaintiffs have appealed.

The facts show that appellants are husband and wife and have been such for more than twenty years, and since July, 1902, have owned in fee the lots in controversy, and have resided thereon and occupied the same as their homestead since that date. On September 5, 1903, the county attorney filed suit in the name of the State of Texas versus unknown owner, J. C. Hutchins and Ellen H. Crosby, in the District Court of Tarrant County, for the taxes, penalties and interest for the years 1900, 1901 and 1902, due to the State of Texas and County of Tarrant. The defendants were cited by publication, no personal service being had on Mrs. Crosby, and her husband, F. L. Crosby, was not made a party defendant in that suit. On July 24, 1904, the court appointed J. C. Smith, Esq., as attorney to represent the defendants, and on that day rendered judgment against unknown owner, J. C. Hutchins and Ellen H. Crosby, reciting they had been duly cited by publication, for $40.60 and costs, and foreclosure of the tax lien on said real estate, and directing an order of sale. On September 3, 1904, an order of sale was issued and levied on the lots in controversy, which, after due advertisement, were sold to appellee Terry for $75.05, out of which said sum the sheriff paid the taxes due and applied the remainder to the payment of costs. The sheriff duly executed his deed to appellee, and the same has been recorded in Tarrant County deed records. No personal notice of the sheriff's levy and sale was ever given to appellants or either of them, and if they had known of the suit or of the levy, they would have paid the amount due and costs and prevented sale. The real estate is reasonably worth $2,500. The sum of $50.70, paid by appellants into court, is sufficient to cover the amount of taxes, interest for one year, and the fees of the county attorney, clerk of the County Court, and sheriff. The total costs to the time of sale were $75.05, the amount bid by Terry. Terry is a traveling man and was not in Tarrant County for some time before filing this action. For the years 1901 and 1902 the land was assessed to unknown owners.

Under these facts the court properly entered a judgment holding for naught the former judgment entered in the tax suit, and the sale to appellee Terry thereunder. Hollywood v. Wellhausen, 68 S. W. Rep., 330; Green v. Robertson, 70 S. W. Rep., 345; Bingham v. Matthews, 12 Texas Ct. Rep., 772. But after having set aside the judgment and sale it was error then to decree in appellee's favor a lien against the land for the amount of his bid at the sheriff's sale. This would be to make appellants pay the costs of citation by publication, the costs of sale accruing after judgment, etc., which in no event could be properly taxed against them. These items would constitute no lien against the land under the circumstances shown, and appellee is not entitled to repayment of them.

We think the action was properly brought in the present form,

rather than by a motion to retax costs, since the matter complained of was directly adjudicated by the court and did not arise incidentally in the taxation of costs. This being true, appellants have met the rule of equity requiring a showing of merit when they tender into court all the taxes and costs justly chargeable to them in the suit. The judgment having been for a larger amount, they show themselves entitled to relief as to the excess.

The judgment of the District Court is therefore reversed and here rendered for appellants.

*Reversed and rendered.*