**ALLEN et al. v. STATE MORTGAGE COR-
PORATION.  (No. 8245.)**

Court of Civil Appeals of Texas.  San Antonio.
June 26, 1929.

Rehearing Denied July 10, 1929.

Henry C. King, Jr., and E. P. Lipscomb, both of San Antonio, for appellants.

T. H. Ridgeway and N. W. Palmer, both of San Antonio, for appellee.

COBBS, J.  Appellee brought this suit against appellants to perfect the title based upon a tax sale, and to remove clouds resulting from subsequent sales of the same property, for subsequent delinquent taxes.

This is the second appeal of this case. (Tex. Civ. App.) 12 S.W.(2d) 249.

Lots 29 and 30, in county block 4050, and lots 9 and 10, in city block 1854, under a third order of sale, were sold in bulk for delinquent taxes, for the gross sum of $77.60. The record owner of the property was Frank Allen, one of the appellants in this cause. E. P. Lipscomb, the other appellant herein, was the purchaser of said property at subsequent sales, for subsequent delinquent taxes. Said original tax sale was to one Clay Tallman, who conveyed to one H. O. West, who conveyed to one Andrew Dilworth, who in turn conveyed to the State Mortgage Corporation, appellee herein.

This suit is a direct attack on the judgment.

For a better understanding of the case, we copy the findings of fact as they appear in appellants' brief:

"Findings of Fact.

"On April 14th, 1923, a valid judgment was rendered against Frank Allen by the 73rd District Court of Bexar County, Texas, in cause No. A—20647, styled the State of Texas vs. Frank Allen, for the sum of $77.10, and foreclosing a lien for delinquent taxes due the State of Texas, and the County of Bexar, upon Lots 9 and 10, Block 32, City Block 1854, in the City of San Antonio, Bexar County, Texas, and Lots 29 and 30, in Block 74, County Block 4050, in Bexar County, Texas, but outside the City limits of the City of San Antonio.  Said lots were condemned to be sold to satisfy said judgment.  Said judgment was rendered upon personal service upon the defendant Frank Allen.  The said Frank Allen was the owner of said lots at the time said taxes became delinquent and at the time said judgment was rendered and at the time the sale was made thereunder.  The first two orders of sale were indorsed 'no bids.'  Then a third order of sale was issued upon said judgment and indorsed 'third order of sale' and said lots were sold thereunder by the Sheriff on the 8th day of June, 1923, to Clay Tallman for the sum of $77.60 and a deed was executed by the Sheriff conveying said lots to Clay Tallman which was filed for record in Bexar County, Texas, on the 15th day of January, 1924, and was duly recorded in the deed records of said County in Volume 754, Page 491.

"Said lots were advertised and sold by the Sheriff in bulk.  Said lots are not contiguous; Lots 9 and 10 in Block 32, City Block 1854 being within the corporate limits of the City of San Antonio, and Lots 29 and 30 in Block 74, County Block 4050, being outside the City limits of said City.  There is no evidence that Frank Allen or any one else made any request upon the Sheriff to sell said lots separately.

"On February the 12th, 1924, Clay Tallman sold this property to H. O. West which deed was filed for record on March 14th, 1924, and on April 28th, 1926, H. O. West sold said property to Andrew Dilworth which deed was filed for record on the 1st day of May, A. D. 1926, and Andrew Dilworth sold said

property to State Mortgage Corporation plaintiff herein on April 30th, 1926, which deed was filed for record on May 27th, 1926.

"On January 5th, 1926, the above described property was sold for subsequent delinquent taxes to E. P. Lipscomb, one of the defendants herein, in a suit by the State against Frank Allen for taxes delinquent after the sale to Clay Tallman, and in which suit neither the plaintiff nor those through whom it claims, save Frank Allen, were defendants. This same property was on three subsequent occasions sold under tax foreclosure suits for subsequent delinquent taxes, to the defendant E. P. Lipscomb, in suits to which neither the plaintiff nor those through whom it claims were defendants, except Frank Allen, and the aggregate amount paid by the said E. P. Lipscomb at all of such sales together with interest to date at the rate of six per cent per annum, aggregates the sum of One Hundred Thirty Dollars. The taxes for which said foreclosures were had accrued and became delinquent after the purchase by Clay Tallman, remote vendor of the plaintiff, State Mortgage Corporation.

"The Court finds that the amounts paid by the said E. P. Lipscomb at said sales, including six per cent interest up to this date aggregates the sum of $130.00.

### "Conclusions of Law.

"The Court concludes that the sale to Tallman by the Sheriff on June 8th, 1923, was valid and conveyed good title to Tallman, subject only to the right of the defendant Frank Allen to redeem therefrom within two years which right of redemption he failed to exercise.

"The tax foreclosure suits under which the defendant E. P. Lipscomb bought did not operate to divest the plaintiff State Mortgage Corporation of its title because neither this plaintiff nor those through whom it claims save Frank Allen were parties to any of such suits, and the defendant Frank Allen having been previously divested of title by the Sheriff's Deed to Clay Tallman, the defendant Lipscomb acquired no title by his four purchases. The defendant E. P. Lipscomb did acquire at his four purchases from the Sheriff all the lien for taxes that the State and County had at the time of various judgments of foreclosure and in as much as no question is raised as to the justness of these judgments was and he is entitled to foreclose a lien for the sums so paid at these four Sheriff's Sales, aggregating with interest to this date the sum of One Hundred and Thirty Dollars.

"The Court therefore concludes that the plaintiff, State Mortgage Corporation is entitled to a judgment for the title and possession of the land in controversy and that the defendant E. P. Lipscomb is entitled to a lien fixed thereon for the sum of $130.00, and that the State Mortgage Corporation, plaintiff herein, pay all costs prior to the filing of the Mandate herein."

As both appellants and appellees neglected to page their briefs, we have done that for them.

The tax sale made under the third judgment was not void but valid. This sale was made under Rev. St. 1911, art. 7689, which provides, if there be no bidder for such land, the county attorney shall bid such property for the amount of all taxes, penalties, interest, and costs, adjudged against said property, and, in the absence of the county attorney, the sheriff is authorized to bid to the state when there are no bidders. The statute is merely directory, but a failure to so bid does not pay the debt, nor vest title to the land in the state.

The only way that a lien may be enforced through the court is by foreclosure and sale. Duty v. Graham, 12 Tex. 427, 62 Am. Dec. 534; Laing v. Queen City Ry. Co. (Tex. Civ. App.) 49 S. W. 138.

Appellants contend in their second assignment of error that the second sale for taxes extinguished the title conveyed under the first sale of the land for taxes. Appellee holds title under the first sale and was not made a party to the second suit, under which appellants claim title. This question was decided adversely to appellants in the first appeal, and we see no reason to change our opinion. On the 8th of June, 1923, Clay Tallman became the owner by his purchase at sheriff's sale, subject to Frank Allen's right of redemption. The deed was recorded on January 15, 1924. Neither Clay Tallman nor any of his vendees were parties to any subsequent tax foreclosure sales under which Lipscomb claims, though necessary parties. Article 7328, Rev. St. 1925. See Scales v. Wren, 103 Tex. 304, 127 S. W. 164, by the Supreme Court of this state, which was a tax foreclosure case, and in which the court held that parties not joined in the tax foreclosure suit were not bound thereby. See also, Green v. Robertson, 30 Tex. Civ. App. 236, 70 S. W. 345; Bingham v. Matthews, 39 Tex. Civ. App. 41, 86 S. W. 781; Bomar v. Runge (Tex. Civ. App.) 225 S. W. 287; Adams v. West Lumber Co. (Tex. Civ. App.) 162 S. W. 975.

There is a broad distinction to be drawn in the sale of property under tax sales and sales of property under foreclosure proceedings under a judgment.

There is nothing in the objection that the sale was void because made in bulk instead of parcels. There was no written request made "that the property described be divided and sold in smaller tracts." Our courts have held such sales valid unless a written request is made to sell in parcels so that in the absence of such written request a sale of several tracts in gross or in bulk is valid. Masterson v. State, 17 Tex. Civ. App. 91, 42 S. W. 1003; Ryon v. Davis, 32 Tex.

Civ. App. 500, 75 S. W. 59; Oppenheimer v. Reed, 11 Tex. Civ. App. 367, 32 S. W. 325.

We have reached the conclusion that this case has been fairly tried, and, as no reversible error is shown, the judgment is affirmed.