**GRIGGS et al. v. MONTGOMERY et al.**
**(No. 1891.)**

Court of Civil Appeals of Texas. Beaumont.
Nov. 14, 1929.

690

Adams & Hamilton, of Jasper, for appellant.

Smith & Lanier, of Jasper, for appellee.

WALKER, J. This was a trespass to try title suit by appellees against appellant, involving 96 acres of the David Ridgeway survey, abstract No. 656, in Newton county, Texas. In addition to pleading in trespass to try title, appellees specially pleaded that appellant was claiming the land under a sheriff's deed executed by J. R. Harrell, sheriff of Newton county, Texas, on the 15th day of November, 1916, under authority of order of sale issued out of cause No. 339 on the docket of the district court of Newton county, styled "State of Texas v. Unknown Owners," wherein judgment was in favor of the plaintiff for taxes with foreclosure of tax lien. This judgment and sheriff's deed were attacked on the following grounds:

(a) That the suit was filed against unknown owners and "all persons owning, having, or claiming any interest therein," and no other persons. It was pleaded that, the affidavit filed by the county attorney as the basis for the issuance of service by citation was fatally defective, and that no other affidavit was ever filed as a basis for such citation; that none of the owners of the land were made parties to the suit or were personally served with citation, nor did they waive service of citation, nor did they make themselves parties in any way to the litigation.

(b) The owners of the land were in personal possession of the land at the time of the filing of the suit and of the making and filing of the affidavit.

(c) The names of the owners appeared of record in the records of Newton county and could have been ascertained by the county attorney.

(d) While on the 31st day of August, 1916, the court rendered "judgment by default with foreclosure of lien," which order was entered on the trial docket, no judgment was entered on the minutes at that term; that no judgment was on the minutes when the order of sale was issued and delivered to the sheriff and by him executed and returned, and that no judgment was on the minutes when appellants' vendor purchased the land at sheriff's sale nor when the sheriff executed and delivered his deed to the purchaser.

(e) That the return of the sheriff on the order of sale was fatally defective in that it contained no description of the land sold.

(f) That the deed executed by the sheriff contained no description of the land sold and when it was filed for record and recorded in the deed records of Newton county on the 14th day of October, 1916, it contained no description of the land sold, which appears from the record of the deed thus made; but the deed was subsequently re-recorded on the 16th day of September, A. D. 1926, and that record contained a description of the land, which description was written into the deed without authority after the deed was first recorded.

(g) That on the 11th day of September, 1926, appellant filed his motion in cause No. 339, State of Texas v. Unknown Owners, to have judgment entered therein nunc pro tunc; that service was duly had thereon and that on the 16th day of September, 1926, judgment nunc pro tunc was duly entered; that said judgment nunc pro tunc was void in that it appeared on its face that the court was not entering judgment but was only decreeing that judgment "should be rendered"; and, further, that it appeared on the face of the judgment that the court was not entering the judgment rendered on the 31st of August, 1926, but, if entering judgment at all, entering one rendered on the 16th of September, 1926.

On these allegations it was the contention of appellees by their petition that the tax judgment and the sheriff's deed executed thereunder were void. They also specially pleaded that they were purchasers in good faith of the land for value without notice, actual or constructive, of the title of appellant. They prayed for recovery of the land and for the cancellation of the judgment and sheriff's deed.

Appellant answered by pleas of general denial and not guilty, and specially pleaded his title under the tax foreclosure sale, as set out in appellees' pleading. He also pleaded the statutes of limitation and that he was an innocent purchaser.

Upon trial to a jury, appellees introduced a regular chain of title from and under the original grantee in and to appellant Montgomery, but introduced no evidence of title in appellee Richardson. In support of their attack on the tax judgment and sheriff's deed, limiting this evidence strictly to that issue, appellees offered the following proceedings in cause No. 339, State of Texas v. Unknown Owners, which was received over appellants' objection:

Plaintiffs' petition, wherein it was recited "that the defendants are now in possession of

and are claiming and asserting to own the land so set out and described, or an interest therein."

Affidavit for citation:

"The State of Texas, County of Newton: Before me, the undersigned authority, on this day personally appeared O. B. Wigley, who being by me duly sworn states upon oath that he is the attorney for the state of Texas in a certain suit filed and pending in the district court of said county and numbered on the civil docket of said court No. ——, for the recovery of certain delinquent taxes due the state of Texas, and county of Newton, upon certain tract or parcel of land situated and described as follows: [Description omitted] and that the name of the owner of said land is to affiant unknown, and that he makes this affidavit in compliance with law that proper citation may issue. [Signed] O: B. Wigley, County Attorney, Newton County, Texas.

"Sworn to and subscribed before me this 31st of July, 1916. J. E. Roush, District Clerk, Newton County, Texas."

The docket entry in said cause, "State of Texas v. Unknown Owners."

Order of sale in said cause, regular in all respects, duly issued by the clerk and delivered by him to the sheriff of Newton county, dated October 14, 1916.

Sheriff's return upon order of sale showing that the same had been regularly and duly executed, sale made, deed executed and delivered to J. S. Griggs, the purchaser, and the purchase price duly paid by him, the return being regular in all respects except it contained no description whatever of the land sold.

Record of deed from Sheriff Harrell to J. S. Griggs dated the 15th of November, 1916, filed for record on the 6th day of December, 1916; deed, as shown by this record, being regular in all respects as a sheriff's deed except it contained no description of the land sold.

A second recording of this same deed as of date the 16th of September, 1926, which contained a description of the land sold, being the land sued for herein.

Nunc pro tunc judgment, entered on the 16th day of September, A. D. 1926, of which, for the purposes of appellees' attack, the following is the only material part:

"The State of Texas v. Unknown Owners. In District Court of Newton County, Texas, August Term, A. D. 1926. Docket 339. On this, the 16th day of September, A. D. 1926, came on to be heard the motion of J. S. Griggs to render a judgment nunc pro tunc in the above entitled and numbered cause, and the Court after hearing the pleadings, evidence and argument of counsel, the court is of the opinion that a judgment *should be rendered* in said cause as it existed on the 31st day of August A. D. 1916, foreclosing the lien and all things prayed for, that said judgment

should have been as follows, and is now made a part hereof: "On this the 31st day of August A. D. 1916, this cause was called for trial, and the plaintiff appearing by her attorney, and the defendant, though having been duly and legally cited to appear and answer the plaintiff's petition, came not, but wholly made default," etc.

No attack was made against the service of the citation upon unknown owners, and the sheriff's return thereon, except the defective affidavit. It was shown that the affidavit above given was the only affidavit filed in said cause as a basis for such service. Appellees offered no testimony that they purchased the land upon a valuable consideration and without actual knowledge of the claim of appellant.

Appellant, in proof of his title, offered in evidence all the proceedings had in cause 339, as above enumerated, all of which, when thus offered, were excluded upon exception of appellees. The bills of exceptions do not show upon what ground this evidence was excluded. They state only "that the plaintiff then and there objected * * * which objection was then and there sustained by the court, to which action of the court in sustaining said objection * * * defendant then and there duly excepted."

### Opinion.

■ Appellant's bills of exception to the exclusion of the evidence of his title are defective and do not show error. It is now the settled law of this state that a bill of exception to the ruling of the trial court admitting or rejecting evidence must disclose the ground of the exception urged, and when that is not done the bill does not disclose error. Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 914.

■■ But this ruling on appellant's bills does not entitle appellees to an affirmance of their judgment. As plaintiffs below, they must recover on the strength of their own title, and not on the weakness of appellant's title, nor upon appellant's failure to show title. Under their general plea in trespass to try title, appellees offered a regular chain of title in and to themselves from and under the original grantee. Standing alone, this showing would have entitled them to judgment. But, not resting upon their general plea, they specially pleaded a title in appellant sufficient, if valid, to vest him with title and to defeat their title; that is, they pleaded the tax foreclosure and sale against unknown owners and that appellant owned and held that title. However, they pleaded that appellant's title so owned and held was void, a cloud on their title, and insufficient to show that he owned any interest adverse to them, and prayed for the cancellation and removal of this title as a cloud upon theirs. Having pleaded this issue, they rested under the burden of sustaining it, for, if the title thus pleaded was valid, appellees had no title. They offered in evidence in support of this

692

attack all the evidence relied upon by appellant to sustain his title, as set out above.

■ As appellees have attacked appellant's title, it becomes necessary to determine the nature of that attack; that is, whether it was direct or collateral. It is apparent that they have specially pleaded all the defects in appellant's title, that these defects rendered the title void, and have prayed for its cancellation and removal. But they fail to make parties to the attack any of the parties to the original judgment. This omission rendered the attack collateral, and not direct. Judge Short, speaking for his section of the Commission of Appeals in Garza v. Kenedy, 299 S. W. 231, 234, with approval of the Supreme Court, so held. He said: "Under the rule in this state, the result of a successful attack upon an existing judgment is not to leave the original cause standing for trial between the parties at a subsequent day, but equity will do complete justice in the attacking suit and will render such judgment as the facts demand."

We announced the same rule in Burton v. McGuire, 3 S.W.(2d) 576, 579, saying: "The proceedings must involve all parties interested in the judgment, and the final decree, if the attack prevails, must absolutely destroy the judgment and remove it from the record for all purposes, except as to innocent holders."

■ Under the holding of Garza v. Kenedy, it is not the rule in this state that the sole purpose of the suit must be to attack and set aside the original judgment, but the attack may be incident to a suit in trespass to try title.

■ Against the proposition just announced, appellees say that it is not necessary to make the parties to the original judgment parties to the attack, where, as in this case, all the claimants to the land sued for are parties to the attack. This proposition is not sound. While, under Garza v. Kenedy, the attacking party may join a count in trespass to try title with his attack upon the judgment, yet all the parties to the judgment must be parties to the attack. We held against appellees' proposition in Burton v. McGuire, supra, where we said: "An attack that would only destroy the judgment in a particular proceeding instituted for an independent purpose, leaving its validity in other proceedings open to question, is collateral, and not direct."

■ Was the defect in the affidavit for citation by publication available to appellees under their collateral attack? Article 7342, Revised Civil Statutes, provides that the affidavit for citation by publication in tax suits shall state, not only that the name of the owner of the land is to affiant unknown, but shall also include the statement "and after inquiry cannot be ascertained." This last clause was omitted from the affidavit herein. In order to give the court jurisdiction of unknown owners and make the judgment final and binding, and res judicata against the real owners, the provisions of this article as to the contents of the affidavit must be substantially complied with. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 350; Stoneman v. Bilby, 43 Tex. Civ. App. 293, 96 S. W. 52; Young v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74; Mote v. Thompson (Tex. Civ. App.) 156 S. W. 1105. Under the authorities just cited, this affidavit was fatally defective.

However, we think the authorities construing such an affidavit go no further on the question of jurisdiction than do the authorities in construing a judgment against a defendant in other classes of litigation who has not been served with citation, as required by law. This proposition rests upon the holding of our Supreme Court that judgments in tax foreclosures have "been definitely placed upon the same plane with judgments in general." Harris v. Mayfield, 260 S. W. 835, 836, by Commission of Appeals. This case cites in support of its proposition Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490, 493, wherein the Supreme Court held that a tax sale in consummation of a valid judicial foreclosure is "on the same plane, with respect to collateral attack, as other execution sales." See, also, Stevenson v. Mills (Tex. Civ. App.) 14 S.W.(2d) 94.

■ We may say, then, in a tax suit, where the judgment is regular and recites on its face the due issuance and service of citation upon the defendant, the judgment is not absolutely void, so as to be subject to attack in a collateral proceeding, but merely voidable and subject to attack only in a direct proceeding brought for that purpose. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Levy v. Roper, 113 Tex. 356, 256 S. W. 251; Harrison v. Orr (Tex. Com. App.) 296 S. W. 871; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188. Under this proposition appellant's nunc pro tunc judgment was regular on its face, reciting: "The defendant, though having been duly and legally cited to appear and answer the plaintiffs' petition, came not," etc. The recitation of service thus made related back to the original rendition, giving it vitality as of that date, thereby, under the authorities just cited, relieving it of the perils of collateral attack. Though the affidavit now before us was on file on the 31st of August, 1916, when the court rendered its judgment in cause 339, State of Texas v. Unknown Owners, and when the sheriff sold the land under the order of sale, and thus a part of the record, as against appellees' collateral attack, the law presumes that a proper affidavit was on file to support the judgment as rendered. Pierson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

■ It was recited in the petition of the state, upon which the tax judgment was based, "that the defendants are now in possession of and are claiming and asserting ownership to all the land set out and described." We agree with appellees that the

state and all parties holding under the tax judgment are bound by all the recitations in this petition, and that appellant has not acquired, under the foreclosure sale, the title of any person not a party to that proceeding, and not embraced within the term "unknown owners," nor the title of any owner in actual or visible possession of the land. That an owner in actual or visible possession is not bound by a judgment against unknown owners is the law of this state. Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329; Bingham v. Matthews, 39 Tex. Civ. App. 41, 86 S. W. 781; Peareson v. Branch (Tex. Civ. App.) 87 S. W. 222; Crosby v. Terry, 41 Tex. Civ. App. 594, 91 S. W. 652; Sellers v. Simpson, 53 Tex. Civ. App. 205, 115 S. W. 888.

No contention was made that the owners were in actual possession, except as appellees construe the petition of the state as so confessing, wherein the allegation was made, "The defendants are now in possession." This was not an allegation of actual or visible possession. The law vests the owner with constructive possession of his lands, which he may reduce to actual or visible possession. To say, then, that the owner is in possession, does not advise the world that he is in actual or visible possession of his land. We think the language of the petition is nothing more than a legal conclusion, drawn from the allegations of ownership inherent, as a matter of law, in unknown owners, and that it was not the intendment of the petition to allege that unknown owners, or other parties owning, having, or claiming an interest in said land, were in actual or visible possession thereof. Appellees made no issue by their pleadings or proof that any of the owners of the land were in actual or visible possession thereof at the time the tax suit was filed or service had thereon by publication.

■ Because they acquired their title before the entry of the judgment in the tax suit, and because the order of sale on the tax judgment was issued and executed before the judgment was entered, appellees assert that they have the superior title and that appellant's title is void. These contentions present interesting propositions. It was held by the Galveston Court of Civil Appeals, in Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711, that a judgment in fact rendered, yet not of record on the minutes of the court, would not support an order of sale, and that an order of sale issued thereon was absolutely void. The Supreme Court refused writ of error against that judgment. Later, upon another appeal in that case, it was transferred to the El Paso Court of Civil Appeals, which held (152 S. W. 458) that the identical order of sale condemned by the Galveston Court of Civil Appeals as *void* was not *void*, but only *voidable*. No ruling of the Supreme Court was invoked against the El Paso court. It was the judgment of the El Paso court that the

Galveston court rendered the correct judgment, whether the order of sale was void or only voidable. However, after the Galveston court rendered its judgment, enjoining the execution of the order of sale, the sheriff, holding the original writ, proceeded to execute it under an alias venditioni exponas. It appeared from the record that, after the judgment of the Galveston court was entered, the plaintiff in the judgment appealed from had the same entered nunc pro tunc, and then had an alias venditioni exponas issued thereon, under which the sheriff executed the original writ. It was the judgment of the El Paso court that the entry of the judgment nunc pro tunc related back to date of the rendition of the original judgment and gave vitality to all subsequent proceedings thereunder.

A careful study by us of these two cases and the authorities cited has convinced us that the Galveston court intended to hold that the order of sale was merely voidable and not void. It follows that we must deny appellees' contention that the order of sale in this case, issued on the judgment after its rendition, but before its entry, was void. It was only voidable, and not subject to impeachment after its execution in a collateral proceeding. We recognize a distinction between the facts of this case and the cases just cited, in this: In the cited cases the sale was made after the entry of the judgment nunc pro tunc, while here the sale was made before the entry of the judgment nunc pro tunc. We think this distinction could be important only on the issue of innocent purchaser, which will be discussed under a subsequent proposition. But if the distinction is broader than that, and constitutes a fatal irregularity, it could be attacked only in a direct proceeding, and not by a collateral proceeding.

■ The nunc pro tunc judgment was, by its recitations, a final judgment, and not, as appellees insist, merely the conclusion of the court that judgment should be rendered at some future day. By reciting therein "that a judgment should be rendered in said cause as it existed on the 31st day of August, A. D. 1916," the court was not expressing a conclusion as to what should be done, but this was the language of a final decree. It is manifest that the court was announcing the law of the issues before him, and not what should be the law. There is no ambiguity as to the meaning of the court, but, if there were, it was removed by other language in the decree; for instance, in different paragraphs announcing the judgment of the court, it is recited, "Now, therefore, it is the order of the court," and again, "And it is adjudged and decreed," and again, "And it is further ordered."

Another criticism made of the nunc pro tunc judgment is that the court was not purporting to enter a judgment formerly rendered, but was rendering and entering a

judgment as of date September 16, 1926. This criticism is not sound. The court had before it a motion to enter nunc pro tunc the judgment formerly rendered as of August 31, 1916. The trial docket of the court showed that judgment was in fact rendered on that day. Giving effect to all parts of the record, the judgment was strictly nunc pro tunc, entering on the 16th of August, 1926, the judgment that should have been entered on the 31st day of August, 1916.

The attack on the sheriff's deed and his return, on the ground that they failed to include a description of the land sold, are denied. The validity of a sheriff's sale under execution or order of sale is not dependent upon the regularity of his return. The total failure to make the return does not affect the sale. Willis v. Smith, 66 Tex. 31, 17 S. W. 247. Therefore, a defective return could not have that effect. The failure of the sheriff to execute and deliver a proper and valid deed, if in fact his deed was defective, did not destroy the purchaser's interest acquired under the sale. Willis v. Smith, supra.

In Higgins v. Bordages (Tex. Civ. App.) 28 S. W. 350, 352, it was said: "A valid judgment, execution, and sale are all that is required to pass title to property sold at execution sale, payment of purchase money and facts necessary to entitle the purchaser to a deed being shown. Flaniken v. Neal, 67 Tex. 629, 4 S. W. 212. That the first deed was void for uncertainty of description did not defeat plaintiff's title. Donnebaum v. Tinsley, 54 Tex. 362; Heirs of Logan v. Pierce, 66 Tex. 126, 18 S. W. 343. The second deed was also admissible in evidence. It has been held that a sheriff may amend his deed, even after he goes out of office. Flemming v. Powell, 2 Tex. 225." See, also, Carter v. Bendy (Tex. Civ. App.) 251 S. W. 271.

Appellees are in error in insisting that the officers of the state, in the tax suit, had constructive knowledge of the names of the real owners and, because of this knowledge, the real owners were not parties to the tax foreclosure, and the judgment, therefore, void as to them. The evidence does not sustain this contention. There was on record in the minutes of the district court of Newton county a judgment of partition involving this land, wherein was given the names of the owners. But, this judgment not having been recorded in the deed records of Newton county, the county attorney filing the suit, nor any other officer or agent of the state, was visited with constructive notice of its contents.

The judgment of the lower court herein cannot be affirmed on appellees' plea of innocent purchasers. They advance this claim on the theory that, when they bought the land, there was no deed on record sufficient to give them constructive notice of appellant's title, and that they had no actual notice thereof. They offered no proof that they paid value for the land, nor that they bought it without actual notice. These were two essential elements of the plea. On the theory of constructive notice, if, when the sheriff's deed was filed for record the first time, it contained a proper description of the land, its record constituted constructive notice of its contents. The holder under a deed discharges all the duty imposed upon him by law when he deposits his deed for record, and he does not rest under the duty of examining the clerk's records to see that it has been properly recorded. Throckmorton v. Price, 28 Tex. 609, 91 Am. Dec. 334.

[22] But appellant, as a matter of law, has not sustained his contention that his deed, when filed for record the first time, contained a description of the land. It is true that the original deed and its second record, when offered in evidence, contained the description; but the presumption that the clerk correctly recorded the deed as filed with him, and the defective return of the sheriff, wherein the description was omitted, raised an issue of fact as to the condition of the deed when it was first deposited for record. That issue, upon another trial, together with the other essential elements of innocent purchaser, should be passed upon by the jury.

Though appellant pleaded the statute of four-year limitation against appellees' cause of action, he has assigned no error on the court's ruling thereon. But as the case is to be reversed, and appellees will have the right to amend, and as the question is one of law on the record, it should be determined as an aid to the court upon a new trial. A direct attack upon the judgment is within the bar of the four-year statute of limitation. Gulf Production Company v. Palmer (Tex. Civ. App.) 230 S. W. 1017. When did the statute begin to run, from the date of the rendition of the judgment on the 31st of August, 1916, or from its entry nunc pro tunc on the 16th of December, 1926? Prior to the entry nunc pro tunc, there was no evidence of record in the minutes of the court to support the rendition as of August 31, 1916. Though the order of sale was not absolutely void, it was voidable, and without the support of the recitation of due service in the rendition, or without the due entry of the judgment containing such recitation, it was subject to collateral attack in any suit involving its validity, or the validity of the sale made under its authority. This was the holding in Stoneman v. Bilby, supra, writ of error denied. In that case the affidavit for service was defective. There was "no recital of notice to or service on the defendant in the suit." Because of this defect, and of the omission of the recital of due service, the judgment was subject to collateral attack. So, prior to the entry of the judgment nunc pro tunc, appellees and those under whom they hold did not rest under the burden of instituting an original proceeding to cancel the rendition, but had the right in any con-

test that might have arisen to have attacked the rendition collaterally by showing the defective affidavit. It was the entry of the nunc pro tunc judgment, with its recitations of due service, that took from appellees this right of collateral attack. It follows that the statute barring the direct attack within four years did not begin to run until the entry of the nunc pro tunc judgment.

Appellant delayed more than ten years to file motion for judgment nunc pro tunc. Appellees insist that this delay, as a matter of law, constitutes such laches as to defeat his rights thereunder. Appellees had due notice of the motion to enter the judgment, made their personal appearance therein, and then withdrew therefrom. The defense of laches was against the entry of the judgment (Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Ex parte Beard, 41 Tex. 234; Trotti v. Kinnear [Tex. Civ. App.] 144 S. W. 326; General Electric Co. v. Canyon City Ice & Light Company [Tex. Civ. App.] 136 S. W. 78), and does not constitute an objection to its admission in evidence, available to plaintiffs, who were parties to the proceeding.

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.